Paul Francis **MOLDENHAUER** et al.,
Plaintiffs,

v.

Jack M. **PROVO** et al., Defendants.

No. 4–70 Civ. 218.

United States District Court,
D. Minnesota,
Fourth Division.

June 2, 1970.

Memorandum June 8, 1970.

Smith, Marino & Becker, Minneapolis, Minn., by Bernard P. Becker, Legal Aid Society, Inc., for plaintiff.

Douglas McClellan, Asst. Hennepin County Atty., Minneapolis, Minn., for defendants Jack M. Provo and others.

Craig R. Anderson, Asst. Atty. Gen., St. Paul, Minn., for defendant Morris Hursh.

NEVILLE, District Judge.

## FINDINGS OF FACT

1. The plaintiffs herein have been receiving Aid to Families with Dependent Children from the Hennepin County Welfare Board. In the early part of May, 1970, the plaintiff, Kitty Richardson, was informed by her caseworker, an employee of the Hennepin County Welfare Board, that her AFDC grant was to be suspend-~d. Subsequently this same employee informed her that her grant was cancelled. By formal action of the defendant members of the Hennepin County Welfare Board on May 26, 1970, her grant was terminated effective June 1, 1970. At no time prior to this termination was the plaintiff, Kitty Richardson, given written notice of the proposed termination or a written statement as to the reasons and basis for that proposed action. She was not afforded an opportunity to be heard in regard to this termination except insofar as she discussed the matter with her caseworker and her caseworker's supervisor.

2. If the termination order is permitted to stand, the plaintiffs will be without sufficient funds to provide for their shelter, food, clothing and other necessities of life. Unless a temporary restraining order issues, they will suffer irreparable injury.

3. There are other recipients of public assistance under the categorical aid program, the identity and number of which are unknown, who may be and are in danger of irreparable injury if their assistance is terminated without adequate notice or opportunity for a hearing.

## CONCLUSIONS OF LAW

1. In light of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), it appears to the court very probable that the plaintiffs will prevail on the merits of their complaint alleging that the procedure presently followed in termination of grants under the categorical aid programs in the State of Minnesota, insofar as that procedure authorizes termination or suspension, in a public assistance grant without adequate prior notice and an opportunity to be heard, is unconstitutional in that it denies due process of law guaranteed by the Fourteenth Amendment of the United States Constitution.

2. Plaintiffs' action would appear to be one to be heard by a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284, and this court will so notify the Chief Judge of the Eighth Circuit forthwith.

3. The question as to whether this action is properly maintained as a class action pursuant to Rule 23(c) of the Federal Rules of Civil Procedure is reserved for final decision by the three-judge court if and when appointed.

Therefore, it is ordered that:

1. The defendant, Arnold Gruber, his successors, agents and employees and the defendant members of the Hennepin County Welfare Board, their successors, agents, and employees, are enjoined until such time as a three-judge court renders a decision or until further order of this court from refusing to provide the named

plaintiffs the AFDC grant which they were receiving prior to the attempted termination of that grant and to continue such grant until such time as it may be terminated in accordance with the standards and procedures contained in and set forth in the case of Goldberg v. Kelly, above cited.

2. All of the defendants, their successors, agents, and employees, are hereby enjoined until such time as a three-judge court renders a decision or until further order of this court from suspending or terminating aid to any recipient of public assistance under the categorical aid programs in the State of Minnesota without compliance with the standards and procedures contained in and set forth in the case of Goldberg v. Kelly, above cited.

3. The defendant Morris Hursh, his successors, agents, and employees shall as soon as practicable and with all due speed transmit a directive to each county welfare board in the State of Minnesota which orders them to observe the termination procedures stated in Goldberg v. Kelly, cited above, pending the hearing and determination of this action by a three-judge district court.

4. Nothing in this order shall in any way affect the right of a recipient of public aid and assistance to appeal a termination or suspension of a categorical aid grant through the appropriate state administrative and judicial channels.

5. No security shall be required for the issuance of this restraining order and it should be noted that Rule 65(e) of the Federal Rules of Civil Procedure exempts restraining orders issued under 28 U.S. C. § 2284.

6. Defendants shall be served with this restraining order in the manner provided by law for the serving of a summons.

### MEMORANDUM

■ The court realizes that the effect of the above temporary restraining order is to require the various welfare agencies throughout the State either to devise a provisional *ad hoc* notice and hearing procedure for termination of welfare recipients or to continue payments to all recipients until sufficient time has elapsed that uniform administrative notice and hearing procedures can be developed and adopted. Counsel for the defendant Hursh, Commissioner of Public Welfare for the State of Minnesota, acknowledges that Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), is now applicable but pleads in effect that since the date of that decision no rules, regulation or advice have been received from the Federal Department of Health, Education and Welfare; that though such are expected, until received, it is difficult for the State of Minnesota and the various counties and municipalities who administer welfare aid to adopt any sort of uniform procedure. In sum he urges a delay until administrative procedures to comply with *Goldberg* can be established and put into operation. The court is not unaware that the *Goldberg* decision has put an administrative burden on the government and may have caused an upheaval or administrative morass. But this court did not make the decision in *Goldberg* nor determine the fact of its immediate effective date and believes that as a lower court judge it is bound and obligated to follow this decision. It may be that some aid recipients will be continued on the rolls when, under the facts of their particular case they should be terminated; further a hastily developed *ad hoc* or provisional procedure may go awry in some cases. Nevertheless, this court has no alternative when confronted with an actual case but to direct compliance with *Goldberg*.

■ The court has carefully avoided and has stricken from the findings proposed by plaintiffs' counsel any reference to reduction in welfare benefits as distinguished from termination or discontinuance, referred to in the dissent of Justice Burger to *Goldberg* and the companion case of Wheeler v. Montgomery, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307 (1970). The *Goldberg* holding does not appear to mention the reduction nor refer to a denial of increase as opposed to termination. The court also believes

that the ruling on the question of whether this is a proper class action under Rule 23 of the Federal Rules of Civil Procedure will have to await the decision of a three-judge court when and if appointed. It is obvious, however, that this court in effect is accomplishing for temporary restraining order purposes what a class action would do by directing all defendants to adhere to the precepts and teachings of Goldberg v. Kelly.

The issue involved in this case was before another judge of this court in Miller v. Hoehne, 1–70 Civil 45, involving aid recipients in Steele County, Minnesota. That case was filed prior to the *Goldberg* decision, but was not decided until thereafter and was then dismissed on April 6, 1970 by the Honorable Edward J. Devitt because the question appeared moot since the Steele County Welfare authorities had agreed to resume the suspended or terminated payments to the plaintiffs. The court fixed a time of three months, however, from the date of April 6, 1970, within which either party could move to vacate the dismissed order if it were made to appear that the question had not in fact become moot. Counsel for the Hennepin County Welfare Board and its director was unable and made no effort to assure the court that payments to the particular plaintiffs here would be resumed. He believes a fraud is being perpetrated and apparently contends to which the court cannot subscribe that in such a case notice and hearing as in *Goldberg* is unnecessary.

Plaintiffs' counsel has submitted a detailed specification for a type of notice that he proposes should be given, detailing the length thereof, the type of hearing which should be held, etc. In effect counsel has asked the court to write regulations for the administration of welfare. This the court does not believe it should do. The proscriptions and teachings of *Goldberg* can be read by others as well as by the court and until appropriate administrative regulations are promulgated, dealing perhaps with a host of problems with which the court cannot possibly be familiar, the court's order is that either terminations and suspensions cease for the time being or *ad hoc* temporary measures be devised which will meet the fundamental requirements set forth in *Goldberg*.