925 F.2d 6
 136 L.R.R.M. (BNA) 2408, 118 Lab.Cas. P 10,549,
18 Fed.R.Serv.3d 899
 INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS, et al., Plaintiffs, Appellants,
v.
EASTERN AIRLINES, INC., Defendant, Appellee.
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS, et al., Plaintiffs, Appellees,
v.
EASTERN AIRLINES, INC., Defendant, Appellant.
 Nos. 90-1359, 90-1437.
 United States Court of Appeals,
First Circuit.
 Heard Sept. 7, 1990.
Decided Feb. 1, 1991.
 
 Katherine D. Shea, with whom Harold L. Lichten, Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, P.C., Boston, Mass., Allison Beck and Mark Schneider, Washington, D.C., were on brief, for Intern. Ass'n of Machinists Aerospace Workers, and its Dist. Lodge 100.
 Steven M. Sayers, with whom Loyd M. Starrett and Fordham & Starrett, Boston, Mass., were on brief, for Eastern Airlines, Inc.
 Before BREYER, Chief Judge, VAN GRAAFEILAND,* Senior Circuit Judge, and SELYA, Circuit Judge.
 VAN GRAAFEILAND, Circuit Judge.
 
 
 1
 International Association of Machinists and Aerospace Workers and its District Lodge 100 (together the "Union") appeal from a judgment of the United States District Court for the District of Massachusetts awarding $50,000 in attorneys' fees to Eastern Airlines, after Eastern successfully appealed the grant of a preliminary injunction in favor of the Union. Eastern appeals from the judgment to the extent that it was limited to $50,000, the face amount of the injunction bond furnished by the Union. We affirm.
 
 
 2
 On April 17, 1987, Eastern announced plans to reduce its maintenance work force at Logan International Airport by 68 positions. The Union promptly sought a preliminary injunction to prevent the reduction pending a decision on the dispute by the System Board of Adjustment. The district court granted the injunction on condition that the Union post a $50,000 bond. The Union filed the bond, which stated that the Union, as principal, and the Fidelity and Deposit Company of Maryland, as surety, were conditionally liable to Eastern for
 
 
 3
 any loss, expense or damage caused by the imprudent or erroneous issuance ... of a ... preliminary injunction in [this action], including all reasonable costs and expenses of defense against ... the granting of any injunction relief sought in said proceeding and subsequently denied by the Court....
 
 
 4
 This court subsequently reversed the grant of the injunction. 826 F.2d 1141. Eastern then moved in the district court pursuant to section 7 of the Norris-LaGuardia Act, 29 U.S.C. Sec. 107, for an award to cover the damages it incurred and the attorneys' fees it paid as a result of the erroneous issuance of the injunction. Eastern also moved for an order requiring Fidelity to pay Eastern any part of the award up to $50,000 that the Union failed to pay.
 
 
 5
 In a memorandum and order dated July 28, 1988, the district court granted Eastern's motion but limited its recovery to the amount of the bond. Because Eastern's alleged damages exceeded $50,000, the district court found no need to determine whether Eastern could recover its attorneys' fees. Shortly thereafter, however, the parties entered into a stipulation that provided in pertinent part as follows:
 
 
 6
 Eastern agrees to waive and forego all of the damages, costs and expenses of defense which Eastern claims to have incurred as a result of the erroneous issuance of the preliminary injunction in this action except for such damages, costs and expenses of defense as are reflected in the bills rendered to Eastern by [its] law firm....
 
 
 7
 * * * * * *
 
 
 8
 [The Union] does agree that Eastern in fact incurred the costs and expenses reflected in those bills and that the reasonable value of such costs and expenses incurred by Eastern is no less than $50,000.
 
 
 9
 * * * * * *
 
 
 10
 Accordingly, the parties agree that the only issue now remaining before the District Court within the parameters of its Memorandum and Order on Defendant's Motion for Award of Damages, Costs, and Expenses of Defense dated July 28, 1988 is whether Eastern can recover any portion of the payments it made to [its attorneys] under either the bond or the Norris-LaGuardia Act. If Eastern can so recover a portion of those payments, the [Union] agrees that the amount of any such award will be no less than $50,000. Conversely, if Eastern cannot so recover any portion of those payments, Eastern has waived its claim to an award of any other damages, costs and expenses of defense.
 
 
 11
 The district court correctly interpreted this stipulation to mean that Eastern waived all damages, costs, and expenses except those billed by its attorneys and that, if Eastern recovered its legal expenses, the amount of the recovery would be no less than $50,000. It held that the Union was liable for Eastern's legal fees in the amount of $50,000. Thereafter, judgment was entered in favor of Eastern for $50,000 with interest thereon from December 15, 1989, the date on which the Union appealed from the district court's order, an appeal that was aborted because of lack of finality. See 28 U.S.C. Sec. 1291.
 
 
 12
 The Union now contends that Eastern should not be allowed any recovery for its attorneys' fees or, alternatively, that, if such recovery is allowed, it should be limited to the amount of the injunction bond. Eastern contends that it should recover not only the full amount of its attorneys' fees, but also the full amount of all of its costs and expenses.
 
 
 13
 At the outset, we can dispose quickly of Eastern's meritless contention that the case should be remanded "with instructions to award Eastern all of its losses, expenses and damages caused by the erroneous issuance of the preliminary injunction...." Eastern does not even attempt to square this request with its clear and explicit waiver in the above-quoted stipulation of everything save its legal expenses. We turn then first to the issue of attorneys' fees under the bond and then to the possible recovery of attorneys' fees in excess of the bond.
 
 ATTORNEYS' FEES UNDER THE BOND
 
 14
 In its complaint that initiated the instant litigation, the Union alleged that the suit was for "injunctive relief involving a labor dispute arising under the Railway Labor Act, 45 U.S.C. Secs. 151-188", and that Eastern had violated both the Railway Labor Act and the collective bargaining agreement between the parties. The Union requested that Eastern be preliminarily enjoined from proceeding with the proposed layoffs until the matter had been adjudicated by the System Board of Adjustment. Eastern moved to dismiss the complaint on the ground that under the Railway Labor Act the court was without jurisdiction to hear the dispute. Although the district court agreed that the parties were involved in a minor labor dispute, it erred, as this court subsequently pointed out, 826 F.2d 1141, in issuing preliminary injunctive relief. We stated on that appeal that a controversy under the Railway Labor Act can also be a labor dispute under the Norris-LaGuardia Act and that the controversy between Eastern and the Union was a classical labor dispute under the latter Act. Id. at 1145.
 
 
 15
 Section 7 of the Norris-LaGuardia Act provides in substance that no temporary injunction shall be granted in a labor dispute, defined in section 13(c) of the Act, 29 U.S.C. Sec. 113(c), as a dispute concerning terms or conditions of employment, except on condition that an undertaking be filed "in an amount to be fixed by the court sufficient to recompense those enjoined for any loss, expense, or damage" caused by the erroneous issuance of the injunction, "including all reasonable costs (together with a reasonable attorney's fee) and expense of defense...." The Union filed an undertaking, and its conditions were substantially what was required by section 7--"any loss, expense or damage ... including all reasonable costs and expenses of defense against ... the granting of any injunction relief...." The bond obviously was designed to provide section 7 coverage.
 
 
 16
 The Union contends, however, that, because the district court conditioned its order upon the furnishing by the Union of a bond under Fed.R.Civ.P. 65(c), the bond became a statutory bond whose terms were governed and limited by the provisions of that Rule. Because Rule 65(c) provides that "[n]o ... preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered ...", the Union contends that the bond can indemnify for only costs and damages, not expenses. This argument misconstrues the Rule and does not take into account subsection (e), which states that the Rule does "not modify any statute of the United States relating to ... preliminary injunctions in actions affecting employer and employee...." See American Broadcasting Companies, Inc. v. American Federation of Television and Radio Artists, 412 F.Supp. 1077, 1081-82 (S.D.N.Y.1976); Moldenhauer v. Provo, 326 F.Supp. 480, 482 (D.Minn.1970); Tennessee Public Serv. Comm'n v. United States, 275 F.Supp. 87, 91 (W.D.Tenn.1967); 11 Wright & Miller, Federal Practice and Procedure Sec. 2957. Section 1 of the Norris-LaGuardia Act, 29 U.S.C. Sec. 101, provides that no United States court shall have jurisdiction to issue a temporary injunction in a case involving or growing out of a labor dispute except in strict conformity with the provisions of the Act. As above pointed out, section 7 of the Act requires the filing of a bond covering losses, expenses and damages. These are the items that the bond in the instant case indemnified against. As the district court put it, "These terms of [the Union's] bond follow closely the requirements of 29 U.S.C. Sec. 107...."
 
 
 17
 In addition, there is ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond. See Crowley v. Local No. 82, Furniture and Piano Moving, 679 F.2d 978, 999-1001 (1st Cir.1982), rev'd on other grounds, 467 U.S. 526, 104 S.Ct. 2557, 81 L.Ed.2d 457 (1984); see also Application of Kingsley, 802 F.2d 571, 578-79 (1st Cir.1986); Ferguson v. Tabah, 288 F.2d 665, 675 (2d Cir.1961).
 
 
 18
 Section 7 of the Norris-LaGuardia Act clearly expresses the congressional intent to require that preliminary injunction undertakings in labor disputes include a provision for reasonable attorneys' fees. The Union's bond in the instant case contains such a provision. The district court correctly held that the provision was enforceable. See Amalgamated Transit Union, Div. 1384 v. Greyhound Lines, Inc., 529 F.2d 1073, 1079 (9th Cir.), vacated on other grounds, 429 U.S. 807, 97 S.Ct. 43, 50 L.Ed.2d 68 (1976); United States Steel Corp. v. United Mine Workers of Am., 456 F.2d 483, 489 (3d Cir.), cert. denied, 408 U.S. 923, 92 S.Ct. 2492, 33 L.Ed.2d 334 (1972). Having obtained the relief it sought by use of the bond, the Union should not now object to making good the contract by which it obtained that relief. See United States v. The John Barth Co., 279 U.S. 370, 376, 49 S.Ct. 366, 367, 73 L.Ed. 743 (1929).
 
 ATTORNEYS' FEES IN EXCESS OF THE BOND
 
 19
 In W.R. Grace & Co. v. Local Union 759, 461 U.S. 757, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983), the Court, citing the seminal case of Russell v. Farley, 105 U.S. 433, 437, 26 L.Ed. 1060 (1882), stated that a party injured by the erroneous issuance of an injunction "has no action for damages in the absence of a bond." 461 U.S. at 770 n. 14, 103 S.Ct. at 2185 n. 14. It follows that, if a bond is posted, liability is limited to the terms of the bond in the absence of a showing of bad faith or malicious prosecution. Over a century ago, the Supreme Court declared that this principle, known generally as the injunction bond rule, would be applied in the federal courts, Meyers & Levi v. Block, 120 U.S. 206, 211-12, 7 S.Ct. 525, 527-28, 30 L.Ed. 642 (1887), and the rule since has been applied in many of the circuits. See Philips Business Sys., Inc. v. Executive Communications Sys., Inc., 744 F.2d 287, 290 (2d Cir.1984); Coyne-Delany Co. v. Capital Dev. Bd. of State of Ill., 717 F.2d 385, 393 (7th Cir.1983); Adolph Coors Co. v. A & S Wholesalers, Inc., 561 F.2d 807, 813 (10th Cir.1977); First-Citizens Bank & Trust Co. v. Camp, 432 F.2d 481, 484-85 (4th Cir.1970). This court has not yet been asked to pass upon it. However, the district court of Massachusetts has adopted it. See Northeast Airlines, Inc. v. World Airways, Inc., 262 F.Supp. 316, 319 (D.Mass.1966). Taking into account the "American Rule", which generally denies recovery of attorneys' fees as an item of damage, F.D. Rich Co. v. United States, 417 U.S. 116, 128-31, 94 S.Ct. 2157, 2164-66, 40 L.Ed.2d 703 (1974), we hold that recovery in the instant case correctly was limited to the amount of the bond.
 
 
 20
 The Union has asserted for the first time, in a footnote in its brief as appellee, and without supporting authority, that the district court erred in granting Eastern interest on the $50,000 award. We find nothing to indicate that this issue was raised in the district court, see Clauson v. Smith, 823 F.2d 660, 666 (1st Cir.1987), and the Union has not included it in the statement of issues presented by the Union for review as required by Fed.R.App.P. 28(a)(2). Under the circumstances, it does not warrant consideration on this appeal.
 
 The judgment of the district court is
 
 21
 AFFIRMED.
 
 
 
 *
 Of the Second Circuit, sitting by designation