**Elinor VANCE, Plaintiff,**

**v.**

**UNITED STATES of America,**
**Defendant.**

**No. 88 CV 2824.**

United States District Court,
E.D. New York.

June 7, 1989.

Robert J. Stanford, of counsel, Washington, D.C., for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. by Joseph D. McCann, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

MEMORANDUM AND ORDER

PLATT, Chief Judge.

Defendant moves to dismiss the complaint pursuant to Rule 4(j) of the Federal Rules of Civil Procedure for failure of

plaintiff to personally serve the United States Attorney within 120 days of the filing of the complaint.

Following rejection of a settlement offer in her administrative claim on March 16, 1988, plaintiff timely filed her complaint on September 12, 1988 in this District. Plaintiff then served the United States Attorney's Office in this building, the United States Attorney General, Washington, D.C., the Staff Judge Advocate, Ft. Belvior, VA and the Staff Judge Advocate, San Diego, CA by certified mail, return receipt requested. This method of service, upon inquiry by plaintiff, had been confirmed as appropriate by the Pro Se Office in this Courthouse. The Assistant United States Attorney assigned to the case acknowledges receipt of the summons and complaint on September 19, 1988.

A "Request for a Written Status Report" was sent from Chambers to plaintiff on January 30, 1989. In an effort to comply with the request, plaintiff communicated with the Assistant United States Attorney assigned to the case to determine when an answer might be expected. Plaintiff was informed that no answer would be filed as there appeared to be "service problems" and a motion to dismiss would be forthcoming. Following this conversation and another conversation with the Pro Se Office, plaintiff had the summons and complaint personally served on the United States Attorney's Office on February 2, 1989 after the expiration of the 120 day time limit for service setforth in Rule 4(j). On April 20, 1989, defendant filed this motion to dismiss.

DISCUSSION

While strict compliance with the requirements of Rule 4(d)(4) of the Federal Rules of Civil Procedure which governs service of process upon the United States has been held to be mandatory by some courts, other federal courts have permitted defects to be cured when, as here, dismissal would result in plaintiff's suit being barred due to the running of the statute of limitations. *Jor-*

*dan v. U.S.,* 694 F.2d 833 (D.C.Cir.1982); *Williams v. General Services Administration,* 582 F.Supp. 442 (E.D.Penn.1984); *Ruppert v. Secretary of Health and Human Services,* 671 F.Supp. 151 (E.D.N.Y. 1987).

Defendant argues that since plaintiff failed to serve the summons and complaint personally rather than by certified mail, return receipt requested, the case must be dismissed. Defendant argues that Rule 4(j) is intended to enforce diligent prosecution of claims against the United States by plaintiffs and that the burden for demonstrating good cause for failure to comply with the service requirements is on plaintiff. Plaintiff has clearly been diligent in the prosecution of her claims. After pursuing her administrative claim for five years she then filed her complaint in this District and within seven days of filing, defendant had received the summons and complaint.

Plaintiff also made a good faith effort to comply with Rule 4(d)(4) in effecting service on the United States Attorney's Office. At the time of filing of the complaint, plaintiff inquired of the Pro Se Office in this Courthouse as to the proper method of service upon the United States under Rule 4(d)(4). Plaintiff was told by the Pro Se Clerk that certified mail, return receipt requested was appropriate for each officer and agency required to be served with the summons and complaint including the United States Attorney's Office and plaintiff immediately effected such service. Following the conversation with the Assistant United States Attorney during which he raised the issue of "service problems" plaintiff once again consulted the Pro Se Office and received the same response regarding the appropriateness of service by certified mail upon the United States Attorney's Office.

It is unconscionable[1] on the part of the Government to seek to dismiss this action on such a technicality when the Government has had full notice of plaintiff's

---

**1.** It is reprehensible for the United States Attorney to wait until after the 120 days for service under Rule 4(j) to have expired along with the statute of limitations prior to making this motion to set aside the service as insufficient.

claims since 1983 and has had full notice of this action in this District having actually received a copy of the summons and complaint on September 19, 1988. Plaintiff followed the advice of the Pro Se Office, an office set up by the Government to handle just such inquiries, and served the United States Attorney's Office by certified mail through a government agency employee, a Post Office letter carrier. Plaintiff could just as easily have walked the summons and complaint down one flight from the Clerk's Office where the Pro Se Office is located, and personally served the summons and complaint upon the Civil Division of the United States Attorney's Office which, at that time, was located in the basement of this building, had she been properly advised.

CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is hereby denied.

SO ORDERED.