Arthur **ARGENTINA,** et ano, **Plaintiffs,**

v.

**EMERY WORLD WIDE DELIVERY CORP.,** et al., **Defendants.**

No. CV 94–0803 (JS).

United States District Court, E.D. New York.

Jan. 22, 1996.

Peter K. Ledwith, White, Quinlan, Stanley & Ledwith, Garden City, NY, for Arthur Argentina plaintiff, Mary Argentina.

Mary Bergmann, O'Connor & Bergmann, New York City, Lauren S. Tashma, Wildman, Harrold, Allen & Dixon, Chicago, IL, William T. Curran, Hannoch Weisman, P.C., Roseland, NY, for Emery World Wide Delivery Corp.

Alvin M. Feder, Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, New York City, for Ever Sharpe Delivery Service, Inc.

William R. Ahmuty, III, Ahmuty, Demers and McManus, Alberton, NY, for Best Consulting Corp.

## MEMORANDUM AND ORDER

GO, United States Magistrate Judge:

By letter application dated September 7, 1994, plaintiffs Arthur and Mary Argentina requested a 120 day extension of time pursuant to Fed.R.Civ.Pro. 4(m)[1] to effect service upon defendants, Eversharp Delivery Service, Inc. ("Eversharp") and Best Consulting Corp. ("Best"). For the following reasons, plaintiffs' application for an extension of time

---

1. Formerly Rule 4(j).

to October 21, 1994 to effectuate service is granted, *nunc pro tunc.*

### BACKGROUND

Plaintiffs commenced this diversity action seeking damages for injuries allegedly sustained by plaintiff Arthur Argentina while unpacking a truck operated, used, controlled and loaded by defendants Emery World Wide Delivery Corp., Best Consulting Corp. and Eversharp Delivery Service, Inc. on March 12, 1991. Complaint ¶¶ 4, 6. Plaintiffs filed a summons and complaint in this court on February 24, 1994, just within New York's three year statute of limitations for personal injury actions, alleging that defendants' negligence caused plaintiffs' injuries.

According to the affidavits of service submitted to the Court, plaintiffs served defendant Eversharp's managing agent on March 10, 1994 and Best's managing agent on March 7, 1994. At a conference held on September 2, 1994, counsel for defendants Eversharp and Best asserted that their respective clients had ceased conducting business at the addresses set forth in the affidavits of service and consequently, plaintiffs never properly served them.[2] Plaintiffs submitted a letter application dated September 7, 1994 requesting an extension of time for service pursuant to Fed.R.Civ.Pro. 4(m). Prior to determination of this application, plaintiffs successfully effected service on defendant Eversharp on September 22, 1994.[3]

Defendants Eversharp and Best argue that New York Civ.Prac.L. ("CPLR") § 306–b (McKinney's Supp.1995) governs as to the procedures a plaintiff must follow in order to extend the time for completing service beyond the applicable three year statute of limitations. They further contend that because plaintiffs did not follow the procedure in CPLR § 306–b(b), service was not timely.

Plaintiffs concede for purposes of this application that service was not properly rendered within 120 days of commencement of this action, but contend that they were un-

aware of the defective service until the September 1994 conference.

### DISCUSSION

The question posed in this case is whether a federal court in a diversity action should apply New York state CPLR § 306–b or Rule 4(m) of the Federal Rules of Civil Procedure to extend the time for service of process. Since Section 306–b, along with several other relevant provisions of the CPLR, were recently enacted only in 1992, this is an issue of first impression.

■ The starting point for analysis, as in all diversity cases, is *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In *Erie,* the Supreme Court established the principle that federal courts should apply state substantive law and federal procedural rules. Such a dichotomy is sometimes difficult to apply since "the line between 'substance' and 'procedure' shifts as the legal context changes." *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965). Relying on the policies underlying the Erie rule rather than "by application of any automatic, 'litmus paper' criterion", the Supreme Court in *Hanna* set forth several tests for making this determination. *Id.* at 465, 85 S.Ct. at 1140–41. "The initial step is to determine whether, when fairly construed, the scope of [the Federal Rule] is 'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of that law." *Burlington Northern R. Co. v. Woods,* 480 U.S. 1, 5, 107 S.Ct. 967, 969, 94 L.Ed.2d 1 (1987) (quoting *Walker* 446 U.S. at 749–50, and n. 9, 100 S.Ct. at 1985, and n. 9; *Hanna* 380 U.S. at 471–72, 85 S.Ct. at 1144–45). As the Court explained, this criteria does not require a "direct collision" between the federal and state rule, but only that the federal statute "cover[s] the point in dispute." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 27, 108 S.Ct. 2239, 2242, 101 L.Ed.2d 22 (1988); *Burlington Northern*

**2.** Defendant Emery World Wide has answered and does not dispute sufficiency of service of process.

**3.** There is a question whether plaintiffs ever properly served Best. This is an issue that is not addressed herein since no formal motion to dismiss is before the Court.

*Railroad Co., supra; Morse v. Elmira Country Club,* 752 F.2d 35, 38–39 (2d Cir.1984) (where a specific federal rule governs service of process, the federal rule applies in diversity cases, irrespective of whether or not it comports with state law); 1A James Moore & Brett Ringle, *Moore's Federal Practice* ¶ 0.307[1] (2d Ed.1991).

■ Next, if there is an applicable federal rule, the court must ensure that the Rule "neither exceed[s] the congressional mandate embodied in the Rules Enabling Act[4] nor transgresses constitutional bounds." *Hanna,* 380 U.S. at 463–64, 85 S.Ct. at 1140. Whether a Federal Rule comports with the Rules Enabling Act depends on "whether a rule really regulate[s] procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy, and redress for disregard or infraction of them." *Hanna,* 380 U.S. at 464, 85 S.Ct. at 1140. (quoting *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941). If there is no valid federal rule, the court must consider the problem in light of the "twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna,* 380 U.S. at 471, 85 S.Ct. at 1144; Charles Wright, *Federal Courts,* (5th ed. 1994).

Where the issues involve the interplay between statute of limitations and the federal rules for service of process under Rule 4, the Second Circuit has utilized a two step framework for analysis:

(1) whether state or federal law determines the point at which a claim is interposed for statute of limitations purposes; and (2) assuming that applicable law requires service of process in order to interpose a claim, whether and in what circumstances state or federal law determines the manner by which process should be served.

*Morse,* 752 F.2d at 37. In *Morse* the issue arose over the effectiveness of service under the then new federal rule for service by mail, Fed.R.Civ.P. 4(c)(2)(C)(ii), and application of the New York State statute of limitations. The Second Circuit held that (a) the New York rule requiring service for tolling the limitations period governs and (b) the Federal Rules control the proper method of effecting service. *Id.,* 752 F.2d at 38–39.

■ Although both Rule 4 and pertinent provisions of the CPLR have been amended since *Morse,* a similar result likewise should be reached in this case—i.e., New York rule of service applies for tolling the statute of limitations and Rule 4 for extending the time to serve. New York state law governs the tolling of the statute of limitations because there is no conflicting federal rule. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *see also Hart v. Bates,* 897 F.Supp. 710, 715, n. 11 (E.D.N.Y. 1995) ("[i]f a Federal Rule had been enacted governing the tolling of state statutes of limitations, its validity would undoubtedly be gravely in doubt under the Rules Enabling Act."). Newly amended CPLR § 304 (McKinney's Supp.1995) states that an action is commenced by filing a summons and complaint with the Clerk of the Court. However, CPLR § 306–b(a) requires automatic dismissal if proof of service is not filed within 120 days. Notwithstanding expiration of the statute of limitations after the original commencement of an action, Section 306–b(b) permits a plaintiff to commence a new action and complete service within an additional 120 days after the automatic dismissal pursuant to Section 306–a(b). Since service is "an 'integral' part of the statute of limitations ... the service rule must be considered part and parcel of the statute of limitation." *Walker,* 446 U.S. at 752, 100 S.Ct. at 1986. Thus, for statute of limitations purposes, a plaintiff, in effect, has 240 days to complete service after the filing of the summons and complaint in a New York state court.

Although the state service rule for tolling the statute of limitations governs, whether

---

**4.** The Rules Enabling Act, 28 U.S.C. § 2072 provides, in pertinent part:

The Supreme Court shall have the power to prescribe, by general rules, the forms of process, writs, pleadings and motions, and the practice and procedure of the district courts of the United states in civil actions.

Such rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury ...

there has been timely service in this action depends on whether state or federal law governs the procedure for extending time to complete service. Both Rule 4(m) and CPLR § 306–b(a) require that service be effected within 120 days of filing. However, Rule 4 gives a court discretion to extend the time to complete service while CPLR 306–b(b) provides for a 120 day extension of time only if the plaintiff commences a new action and completes service within 120 days after an automatic dismissal under Section 306–b(a). Because Rule 4(m) directly covers the procedure for extending the time for service, this rule must be applied unless it exceeds Congressional authority. *See Stewart Organization, Inc.,* 487 U.S. at 27, 108 S.Ct. at 2242; *Hart,* 897 F.Supp. at 716 (where issue centered on method of making service or whether service had been made, federal rules govern over competing state rules).

Defendants have not argued that Rule 4(m) transgresses the Rules Enabling Act or the Constitution nor would there be any basis for such an argument. The provisions of Rule 4 simply regulate the method and timing of service of process in the federal courts. *Hammons v. Int'l Playtex, Inc.,* 676 F.Supp. 1114, 1117 (D.Wyo.1988). Since these are matters that are properly classified as procedural, constitutional concerns are satisfied. *See Burlington Northern R. Co.,* 480 U.S. at 8, 107 S.Ct. at 971.

Moreover, contrary to the contentions of defendants, § 306–b may not necessarily be the only method available under the CPLR for obtaining an extension of time to serve. Several New York courts have exercised their discretion under CPLR § 2004[5] to grant such an extension. *See* Practice Commentary, CPLR § 306–b:3 (McKinney's Supp.1995); *Ressler Vineyards v. Kuhns,* N.Y.L.J., Feb. 28, 1994, p. 28, co. 6 (Sup.Ct.Suffolk Co.1993) (extension granted after 120 days of filing); *Norstar Bank v. Wittbrodt,* 154 Misc.2d 260, 594 N.Y.S.2d 115 (N.Y.Sup.1993); *but see Choice Card Products Citibank, N.A. v. Federico,* N.Y.L.J., June 16, 1993, p. 30, col. 4 (Sup.Ct.Suffolk Co.1993) (no discretion to grant extension of time). Irrespective of how New York state courts ultimately resolve this issue, the treatment by the state courts make clear that the mode of extension is simply a procedural matter.

Because Rule 4(m) governs the method for obtaining an extension of time to serve, it is not necessary to determine whether the twin aims of *Erie* would be met under Rule 4(m). *Hanna,* 380 U.S. at 471, 85 S.Ct. at 1144. However, Rule 4(m) clearly withstands scrutiny under this analysis. First, no forum shopping problem exists. In choosing which forum to file their action, plaintiffs "were not presented with a situation where application of the state rule would wholly bar recovery; rather adherence to the state rule would have resulted only in altering the way in which [an extension of time was requested]." *Id.* at 469, 85 S.Ct. at 1143. Nothing in the record before me suggests that plaintiffs' decision whether to commence this action in federal court turned on the availability of an extension of time for service under Rule 4(m).

Application of Rule 4(m) also does not substantially alter the outcome of the litigation from the consequences that would have followed had the action been litigated in state court. If state law were to govern, plaintiffs could have simply refiled a new action since they discovered that service was ineffective before the 240 day time period expired. The primary difference would have been that plaintiffs would have been required to pay an additional filing fee. Insistence on such a technical procedure neither furthers any state or federal interest nor promotes the "just, speedy and inexpensive determination" of this action. Fed.R.Civ.P. 1.

■ Finally, defendants contend plaintiffs are not entitled to an extension because they have failed to show good cause under Rule 4(m). This is too restrictive a view of the rule. The Second Circuit has construed "good cause" under Rule 4 liberally in order "to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette v. Wee-*

---

**5.** CPLR § 2004 provides that a "court may extend the time fixed by statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown...."

*tabix Co.,* 807 F.2d 309, 311 (2d Cir.1986); *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir.1972). Furthermore, amended Rule 4(m) confers a court with the discretion generally to extend the time for service "for an appropriate period." This, in effect, permits relief to be granted "even if there is no good cause shown." Notes of Advisory Committee on Rules for the 1993 Amendments for Rule 4(m). As the Advisory Committee observed, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." *Id.* Given the liberal pleading philosophy of the Federal Rules, plaintiffs' time for service should be extended and service completed within 240 days of the commencement of this action.

### CONCLUSION

For the foregoing reasons, plaintiffs' application for an extension of time to re-serve defendants Eversharp and Best is granted *nunc pro tunc* to October 21, 1994.

SO ORDERED.