**George MYERS, Plaintiff,**

v.

**The SECRETARY OF THE DEPARTMENT OF THE TREASURY, Defendant.**

**No. 96 CV 2021(TCP).**

United States District Court, E.D. New York.

June 4, 1997.

Robert M. Rosen, Rosen, Leff, Hempstead, NY, for plaintiff.

Linda M. Marino, U.S. Atty's Office, Brooklyn, NY, for defendant.

PLATT, District Judge.

Defendant the Secretary of the Department of the Treasury moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) based upon plaintiff George Myers's ("Myers") failure to serve the Summons and Complaint in strict compliance with Federal Rules of Civil Procedure 4(i) and 4(m).

## BACKGROUND

The Internal Revenue Service (the "IRS") hired plaintiff to work as a Tax Examiner in January 1988. (Compl.¶ 15.) In November 1990, the IRS assigned plaintiff to the computer room at the IRS location in Holtsville, New York. (*Id.* ¶ 16.) While working in the computer room, plaintiff filed six Equal Employment Opportunity ("EEO") claims for age discrimination, harassment, and retaliation, as well as one grievance proceeding against the IRS. (*Id.* ¶¶ 10, 13, 19.)

On March 2, 1996, the IRS removed plaintiff from the computer room and assigned him to the Receipt and Control Section of the IRS as a Remittance/Perfection Clerk for alleged poor performance. (*Id.* ¶¶ 16–17.)

In his EEO complaints and at his grievance proceeding, plaintiff alleged, *inter alia,* that (1) management refused to provide him with the same training they provided to younger employees, (*Id.* ¶ 20(1)); (2) plaintiff's supervisors harassed him and criticized his work, (*Id.* ¶ 20(3)); (3) a co-worker unreasonably interfered with his performance by playing a large "boom-box radio at or near top volume," (*Id.* ¶ 20(4)); (4) his supervisors extensively documented his disruptive behavior as a "set-up" for removing him from the computer room, (*Id.* ¶ 22); and (5) his supervisors used his failure to comply with the company's leave policy as "another avenue by which to intimidate him." (*Id.* ¶ 26.)

On April 26, 1996, after the Department of the Treasury rendered final decisions with respect to each of plaintiff's administrative complaints, plaintiff filed the instant Complaint alleging discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. ("ADEA"), and New York State Executive Law Section 296. Plaintiff served a copy of the Summons and Complaint on May 2, 1996, on the office of the Regional Counsel of the IRS to the attention of Laura Magid, Esq., (Pirozzi Decl. ¶ 2), the attorney who had defended the IRS in the administrative proceedings.

Plaintiff did not serve a copy of the Summons and Complaint on the Attorney General of the United States, the United States Attorney for the Eastern District of New York or the Secretary of the Treasury, (Smith Decl. ¶ 2.), as required by Rule 4(i). The United States Attorney for the Eastern District had notice of the instant Complaint, however, because the IRS Regional Counsel faxed a copy of the Summons and Complaint to the United States Attorney's Office on May 14, 1996. (McPaul Decl. ¶ 3.)

On July 1, 1996, defendant answered the Complaint and asserted as his thirteenth defense that

> [t]he complaint should be dismissed based on lack of personal jurisdiction due to insufficiency of service of process because plaintiff has failed to serve the summons and complaint on the Attorney General of the United States, the United States Attorney's Office for the Eastern District of New York, *and/or* the Secretary of the

Treasury, pursuant to Federal Rules of Civil Procedure 4(i) and 4(m).

(Answer ¶ 57 (emphasis added).)

In November 1996, after learning that both the named defendant and service were technically improper, plaintiff attempted to serve an Amended Verified Complaint, correctly naming the Secretary of the Treasury as the defendant, upon the Attorney General of the United States, the Secretary of the Department of Treasury, and the United States Attorney's Office for the Eastern District of New York. As the 120–day limit had expired, however, defendant did not accept the service.

By Stipulation dated January 3, 1997, the parties substituted the Secretary of the Department of the Treasury in place of the Internal Revenue Service as the defendant in this matter. (Stipulation and Order, dated Jan. 3, 1997.)

## ARGUMENT

Plaintiff filed his Compliant on April 25, 1996; thus, he had until August 26, 1996 (120 days from April 26, 1996) to effect service properly. Defendant argues that although plaintiff, who is represented by counsel, was on notice of the defective service almost two months before the 120–day period expired, plaintiff nonetheless failed to serve any of the necessary government recipients within the 120 days of filing the Complaint and thus, the Court should dismiss the Complaint.

Plaintiff admits that it did not serve the Summons and Complaint in strict compliance with the Federal Rules of Civil Procedure. Plaintiff argues, however, that he partially complied with Rule 4, the necessary government recipients had constructive notice of the instant action, a delay in service would not prejudice defendant, and the government waited until the appropriate statute of limitations had expired before it moved to dismiss.

## DISCUSSION

Federal Rule of Civil Procedure 4(i) states that service upon the United States is complete when a plaintiff serves a summons and complaint upon (1) the United States Attorney for the district in which the action is brought; (2) the Attorney General of the United States; and (3) any officer, agency or corporation that plaintiff names in his complaint. Fed. R. Civ. Proc. 4(i)(2). In the case at hand, defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 4(m). Rule 4(m) states that a court shall dismiss an action without prejudice if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. Fed. R. Civ. Proc. 4(m). Rule 4(m) directs the court to dismiss the action as to "that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Id.

### I. Plaintiff Has Failed To Show Good Cause

Under Rule 4(m), the Court *must* extend the time for service rather than dismiss the case if plaintiff shows "good cause" for the failure to effect service within the 120 days. "Good cause" is generally found only in "exceptional circumstances" where the plaintiff's failure to make timely service was the result of circumstances beyond his control. *National Union Fire Ins. Co. v. Sun,* No. 93–7170, 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994).

In the instant case, plaintiff does not argue that he had "good cause" or that his failure to timely serve the Summons and Complaint was the product of "excusable neglect." Instead, plaintiff argues that he "properly and timely served the individual governmental agency involved, the Department of Treasury ... Thus, the Plaintiff has at least partially complied with the requirements of ... Rule 4(i), and therefore dismissal is not warranted." (Mem. of Law in Opp. to Def.'s Mot. to Dismiss the Compl. at 5.) Plaintiff further maintains that the Court should excuse his mistake because defendant was fully aware of plaintiff's claims since May 1996, at the latest, and the statute has run on plaintiff's cause of action. (*Id.* at 8.) Plaintiff does not, however, offer any justification for his failure to serve the proper parties. Thus, it appears that plaintiff's failure can only be attributable

to his attorney's failure to read the Federal Rules of Civil Procedure carefully.

It is well-settled that an attorney's inadvertence, neglect, or mistake does not suffice to establish good cause for failure to make proper service within 120 days. *See McGregor v. United States,* 933 F.2d 156, 160 (2d Cir.1991) (holding that Federal Tort Claims Act plaintiff's failure to serve Attorney General within 120 days after filing her complaint was not excusable for "good cause," as record showed that it was result of attorney neglect, rather than misleading government conduct); *Lovelace v. Acme Mkts., Inc.,* 820 F.2d 81, 84 (3d Cir.), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987) ("Legislative history provides only one example where an extension for good cause would be permissible—specifically when the defendant intentionally evades service of process.") (citing 128 Cong. Rec. H9848, 9852 n. 25 (daily ed. Dec. 15, 1982)).

Having reviewed the written submissions and the oral argument from February 21, 1997, the Court finds that plaintiff has not shown "good cause" for failing to serve defendant pursuant to Rule 4. Plaintiff cannot establish that the failure to effect timely service was the result of exceptional circumstances beyond his control. Instead, plaintiff's failure appears to have been the result of attorney neglect. Accordingly, because plaintiff has failed to show good cause, the Court is not *required* under Rule 4(m) to extend the time for completion of service.

II. *The Court Will Exercise Its Discretion to Extend Time*

Even though an extension of time to effect service is not mandatory under Rule 4(m), the Court may, in its discretion, extend the time to complete service rather than dismiss the case for improper service. See Fed.R.Civ.P. 4 advisory committee's note to 1993 amendment to subdivision m. (Rule 4(m) also "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); *Board of Trustees of Trucking Employees v. Canny,* 876 F.Supp. 14, 16 (N.D.N.Y.1995) (exercising discretion in absence of good cause under Rule 4(m) to

declare valid service filed two days after expiration of 120 day limit); *Rupert v. Metro–North Commuter R.R.,* No. 95–4283, 1996 WL 447745, at *2 (Aug. 7, 1996) ("Indeed most courts that have addressed the issue have concluded that Rule 4(m) allows judges in their discretion to extend the time for service-even in the absence of good cause." (citing *Henderson v. United States,* —— U.S. ——, —— n. 5, 116 S.Ct. 1638, 1641 n. 5, 134 L.Ed.2d 880 (1996))); *Adams v. Allied Signal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996), *Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir.1995); *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995); (*Mejia v. Castle Hotel Inc.,* 164 F.R.D. at 345.) Moreover, Rule 4(m), as amended in 1993, specifically changed the former Federal Rule of Civil Procedure 4(j) by authorizing the Court to use its discretion in extending the time to serve process beyond the 120 days limit in the absence of good cause.

In the instant case, the Court will exercise its discretion to extend the time of service. In exercising its discretion, the Court holds that the equities tip heavily in favor of plaintiff. For example, if the Court dismissed this case without prejudice, plaintiff would be barred from refiling this action because the statute of limitations has expired. While the Court notes that the running of the statute of limitations is not, by itself, sufficient to extend the time to serve, it is a factor for the Court to consider. *See Lovelace,* 820 F.2d at 83. ("'Half-hearted' efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run." (citing *United States For Use of DeLoss v. Kenner Gen. Contractors, Inc.,* 764 F.2d 707, 710 (9th Cir.1985))). The Notes from the Advisory Committee on Rule 4(m) specifically states that such relief may be justified where, as here, the applicable statute of limitations would bar a refiled action. Specifically, the Advisory Committee Notes to Rule 4(m) provide in pertinent part:

The new subdivision explicitly provides that the court shall allow additional time if

there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.* Such relief formally was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action. Fed.R.Civ.P. 4(m), Advisory Committee Notes (emphasis added); *see also Rupert,* 1996 WL 447745, at *2. ("Thus, although dismissal of the action for failure to effect timely service under Rule 4(m) would be without prejudice, it would effectively extinguish Rupert's ability to recover on what may be a meritorious claim. I therefore find that an extension of time is warranted and decline to dismiss the case, for dismissal would be unduly harsh"); *Canny,* 876 F.Supp. at 16 ("Notes from the Advisory Committee on the Federal Rules reveal that such relief may be justified if, for example, the applicable statute of limitations would bar the refiled action"); *Argentina v. Emery World Wide Delivery Corp.,* 167 F.R.D. 359, 363 (E.D.N.Y.1996) (Go, M.J.) (same).

The Court also notes that defendant's thirteenth affirmative defense stated that plaintiff failed to serve the United States Attorney for the Eastern District of New York, and/or the Secretary of the Treasury. Rule 4 states that plaintiff must serve *both* the United States Attorney's Office and the agency named in the Complaint. In balancing the equities, if plaintiff thought he had correctly served the appropriate agency, after reading the affirmative defense he could have been misled to believe he had complied with Rule 4. Defendant, on the other hand, has defended this action on an administrative level since 1990 and had constructive notice of the instant action.

Accordingly, at the very least, plaintiff satisfied the core function of service. In *Henderson v. United States,* — U.S. —, —, 116 S.Ct. 1638, 1647, 134 L.Ed.2d 880 (1996), the Supreme Court held that the "essential" or "core function" of service is to supply notice of the legal action, "in a manner and at a time that affords the defendant

a fair opportunity to answer the complaint and present defenses and objections." — U.S. at —, 116 S.Ct. at 1647.

Furthermore, the factual pattern of the instant case is similar to the facts in *Vance v. United States,* 126 F.R.D. 14 (E.D.N.Y. 1989)(Platt, J.) In *Vance,* the plaintiff served, *inter alia,* the United States Attorney's office and the United States Attorney General. Plaintiff served, however, via certified mail rather than through personal service, as is mandated by Rule 4. The Court denied defendant's motion to dismiss. This Court partially relied on the fact that Mrs. Vance had been pursuing her administrative claim for five years prior to filing her civil action in federal court, and that defendant correspondingly had sufficient and timely notice of the federal court action. This Court further stated:

> It is unconscionable on the part of the Government to seek to dismiss this action on such a technicality when the Government has had full notice of the plaintiff's claims since 1983 and has had full notice of this action in this District.

*Id.* at 15–16.

In the instant case, plaintiff performed at least partial service upon the Government, and subsequently made a good faith effort to correct service by serving an Amended Complaint, which defendant rejected. Moreover, defendant knew of plaintiff's claims since at least November 1990, has investigated and litigated each of his administrative claims, and has even issued final determinations regarding each of these claims. Thus, defendant cannot persuasively argue that it had no notice of the instant action and the Court holds that defendant will not suffer any prejudice from allowing plaintiff some additional time to effect proper service in this action. Finally, defendant's thirteenth affirmative defense was inaccurate and potentially misleading. The Court will not allow defendant to benefit from its sloppy pleading.

The Court concludes, therefore, that the facts and circumstances in the present case justify the exercise of its discretion in favor of Myers, especially in view of this Circuit's clearly expressed preference that litigation disputes be resolved on the merits. *See e.g.,*

*Cody v. Mello,* 59 F.3d 13, 15 (2d Cir.1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits."); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993) ("[A]ll doubts must be resolved in favor of a trial on the merits.") Thus, this Court holds that plaintiff has an additional THIRTY (30) days from the date of this Order to serve defendant in strict compliance with Rule 4 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss must be, and hereby is, DENIED. The Court directs plaintiff to serve the Summons and Complaint upon defendant in strict compliance with Rule 4 of the Federal Rules of Civil Procedure within THIRTY (30) days from the date of this Order.

So Ordered.