Felecia L. JONES, Plaintiff—
Appellant,

v.

AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA; Does, Does 1 Thru 10, inclusive, Defendants—Appellees.

No. 00–56328.

D.C. No. CV–99–01494–JTM/AJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided Jan. 24, 2002.

---

Before LEAVY, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Felecia Jones ("Jones") appeals the district court's dismissal of her Title VII discrimination action against the Automobile Club of Southern California ("ACSC") for insufficient service of process. Jones argues that the district court abused its discretion both in not giving her more time to complete service and in dismissing her case. Jones also argues that her insufficient service should be excused because she substantially complied with service of process requirements, had good cause for her insufficient service, and ACSC had actual notice of her claims. We affirm the district court in all respects.

## I

We review a district court's decision to grant an extension of time to effect service of process for abuse of discretion.[1] We also review a district court's dismissal of a case for untimely service of process for abuse of discretion.[2]

### A. The Extension of Time to Complete Service

Jones first argues that the district court should have given her more than seven additional days in which to complete service. In support, Jones cites *Myers v. Secretary of Dep't of the Treasury*,[3] in which the district court granted an exten-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

2. *Id.* at 511.

3. 173 F.R.D. 44 (E.D.N.Y.1997).

sion of thirty days. Jones also cites *Arroyo v. Wheat,*[4] for the propositions that procedural dismissals are disfavored and that Rule 4 requirements should be interpreted liberally.

Jones' argument is unconvincing. The *Myers* court granted a thirty-day extension without explaining the rationale for choosing that particular number of days, and never evaluated the merits of a thirty-day extension as opposed to a shorter one.[5] The fact that the *Myers* court granted a thirty-day extension does not mean that thirty-day extensions are the norm, or that limiting an extension to only seven days is an abuse of discretion.

In addition, while a district court should indeed give the service requirements of Rule 4 "a liberal and flexible construction[,]"[6] a district court also has broad discretion to either grant an extension of time, or to dismiss an action entirely, for failure to effect service.[7] This discretion necessarily includes latitude to limit the length of any extension the court grants. The district court therefore had broad discretion to limit Jones' extension to seven days, notwithstanding the "liberal and flexible" Rule 4 service requirements.

■ In this case, Jones had twice failed to complete service without good cause

before the district court granted the extension. Jones had also been made fully aware of the law regarding Rule 4 service of process requirements and should have needed little time to prepare the process documents.[8] Under these circumstances, the district court did not abuse its discretion in granting Jones only seven additional days in which to complete service.

Jones argues, however, that she simply did not have enough time to complete service, because she did not receive the district court's order until five of the seven days had already elapsed. This argument is meritless for several reasons. First, the two remaining days provided enough time for Jones to complete service: Jones in fact prepared the documents and served them within that time period, albeit on the wrong person. Second, under Rule 6(a), Jones actually had four business days (six calendar days) in which to complete service.[9] Finally, if Jones had needed additional time to complete service, she should have made such a showing to the district court and sought another extension, but she never did.

## B.   The Dismissal

### 1.   *Substantial Compliance*

Jones also argues that the district court erred in dismissing her case because her

---

4.   102 F.R.D. 516 (D.Nev.1984).

5.   *See Myers,* 173 F.R.D. at 49.

6.   *Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir.1984).

7.   *See In re Sheehan,* 253 F.3d at 513. This rule applies in the absence of a showing of good cause for failure to effect service. Jones makes no argument that her failure to effect service under the original complaint was excused by good cause, nor could she, based on our review of the record. The district court explicitly found that her failure was due, at best, to excusable neglect and mistake.

8.   As the district court pointed out, ACSC's brief in opposition to Jones' motion for relief

from judgment and for an enlargement of time to complete service fully explained Rule 4 process service requirements. In addition, Jones had already prepared a complaint and summons and needed to make only minor modifications to them to serve them under the extension.

9.   The district court's order was filed Thursday, April 20, 2000. Under Rule 6(a), the seven-day extension period began the next day. In addition, weekend days do not count in calculating periods of less than eleven days. Thus, the extension period ended on Monday, May 1, 2000. *See* Fed.R.Civ.P. 6(a).

admittedly deficient service "substantially complied" with Rule 4. This argument relies heavily on a case from this court, *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*[10]

In *Direct Mail*, this court held that, in some cases, process may be served upon individuals other than those listed in the text of Rule 4:

> [S]ervice can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.[11]

In *Direct Mail*, we concluded that service on a receptionist complied with Rule 4 for several reasons. First, because the company was quite small, the receptionist's role "was commensurately large in the structure of the company."[12] Second, the fact that the receptionist was the only person in the office when the process server arrived demonstrated that "more than minimal responsibility was assigned to her."[13] Finally, the evidence demonstrated that the company president, a lawyer, actually received the process the next day.[14]

■ The differences between this case and *Direct Mail* are greater than the similarities. ACSC is not a small company and the security guard was not the only person working in ACSC's corporate offices when Jones' process server arrived.

In addition, the guard was a contract worker, not an ACSC employee, and expressly informed Jones' process server that he was not authorized to receive service. Under these circumstances, the facts that the guard controlled access to the building and personally delivered the documents to the corporate counsel the next day do not provide a sufficient basis for inferring that the guard had "apparent authority" or "more than minimal responsibility."[15]

### 2. *Actual Notice*

Jones next argues that the district court should have ruled that her deficient service satisfied Rule 4 because ACSC had actual notice of the lawsuit. Jones relies on two out-of-circuit district court cases, *Myers*[16] and *Vance v. United States.*[17] However, *Myers* and *Vance* are inapposite because the "actual notice" in those cases derived from the fact that the parties had been actively litigating the same claims in administrative proceedings for several years prior to the disputed service of the complaints.[18] There was no comparable development of the factual and legal bases of Jones' claims prior to the service of her complaints. Therefore, ACSC did not have "actual notice" in the sense that the defendants in *Myers* and *Vance* did.

### 3. *Good Cause*

Jones' last argument appears to be that she had good cause for failing to complete service because ACSC's counsel evaded

---

10. 840 F.2d 685 (9th Cir.1988).

11. *Id.* at 688 (internal quotation marks and citation omitted).

12. *Id.*

13. *Id.* at 688–89.

14. *Id.* at 689.

15. *Compare id.* at 688 n. 1, 689.

16. 173 F.R.D. 44.

17. 126 F.R.D. 14 (E.D.N.Y.1989).

18. *See Myers,* 173 F.R.D. at 48; *Vance,* 126 F.R.D. at 15–16.

service. Evasion of service can support a claim of good cause for failure to complete service.[19]

Jones points to two facts as supporting her claim of good cause. First, Jones claims that ACSC's corporate counsel knew that Jones planned to serve process on him on the day that both she and ACSC (erroneously) understood to be the last day of the extension period. Second, Jones claims that ACSC's corporate counsel, and the rest of the legal department staff, were not available to receive process on that day. Jones interprets these facts as evidence that ACSC's corporate counsel acted in bad faith by intentionally frustrating Jones' attempt to serve ACSC.

Jones' argument is unconvincing. When Jones' counsel informed ACSC's corporate counsel that she intended to serve process on him, he replied that he was not sure whether he was authorized to receive service. ACSC's counsel promised to call Jones' counsel back to inform her whether he was authorized to receive service, but never did. This failure might support a claim of bad faith, but, more to the point, it left unresolved the question of whether ACSC's corporate counsel was authorized to receive process. Thus, ACSC's corporate counsel did not mislead Jones into thinking that he was authorized to receive service; he simply failed to resolve the question for her.

■ Given this uncertainty and the looming deadline, Jones could have, and probably should have, attempted service on an individual statutorily authorized to receive service.[20] However, Jones attempted to serve ACSC's counsel even though she was aware that he might not be authorized to receive process. Under these circumstances, ACSC's corporate counsel's unavailability to receive service does not demonstrate bad faith or evasion of service.

### III

The district court was within its discretion in limiting Jones' extension to seven days and later dismissing the case for Jones' inadequate service of process. Jones did not have good cause and did not substantially comply with the service requirements of Rule 4, and ACSC did not have actual notice of Jones' case.

AFFIRMED.

**Fred INNEREBNER, Plaintiff— Appellant,**

**v.**

**19.** *See United States ex rel DeLoss v. Kenner Gen. Contractors, Inc.,* 764 F.2d 707, 710 (9th Cir.1985) ("The legislative history provides 'only a single (and most obvious) illustration of good cause—the putative defendant's evasion of service.'") (quoting *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 477 (N.D.Ill.1984) and 128 Cong. Rec. H9849, H9852 n. 25 (daily ed. Dec. 15, 1982)), *superceded on other grounds by In re Sheehan,* 253 F.3d at 514.

**20.** *See* Fed.R.Civ.P. 4(h)(1) (authorizing service on "an officer, a managing or general agent[.]"); Cal.Civ.Proc.Code § 416.10(b) (authorizing service on "the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer, assistant treasurer, [or] a general manager").