## BURLINGTON NORTHERN RAILROAD CO. *v.* WOODS ET AL.

No. 85–1088.   Argued November 4, 1986—Decided February 24, 1987

1

2

MARSHALL, J., delivered the opinion for a unanimous Court.

*L. Vastine Stabler, Jr.*, argued the cause and filed briefs for petitioner.

*James O. Haley* argued the cause for respondents. With him on the brief were *John W. Haley* and *Francis W. Hare, Jr.**

JUSTICE MARSHALL delivered the opinion of the Court.

This case presents the issue whether, in diversity actions, federal courts must apply a state statute that imposes a fixed penalty on appellants who obtain stays of judgment pending unsuccessful appeals.

I

Respondents brought this tort action in Alabama state court to recover damages for injuries sustained in a motorcycle accident. Petitioner removed the case to a Federal District Court having diversity jurisdiction. A jury trial resulted in a judgment of $300,000 for respondent Alan Woods and $5,000 for respondent Cara Woods. Petitioner posted bond to stay the judgment pending appeal, and the Court of Appeals affirmed without modification. 768 F. 2d 1287 (CA11 1985).

---

*Ellis J. Horvitz* and *Peter Abrahams* filed a brief for the Association of Southern California Defense Counsel as *amicus curiae*.

Respondents then moved in the Court of Appeals, pursuant to Ala. Code § 12–22–72 (1986), for imposition of that State's mandatory affirmance penalty of 10% of the amount of judgment. Petitioner challenged the application of this statute as violative of the equal protection and due process guarantees of the Fourteenth Amendment and as "a procedural rule . . . inapplicable in federal court under the doctrine of *Erie Railroad Company* v. *Tompkins*, 304 U. S. 64 (1938) and its progeny." App. to Pet. for Cert. A–5. The Court of Appeals summarily granted respondents' motion to assess the penalty and subsequently denied a petition for rehearing. The parties have stipulated that the final judgment has been paid, except for the $30,500 statutory affirmance penalty, which petitioner has withheld pending proceedings in this Court.

We granted certiorari to consider the equal protection and due process challenges as well as the *Erie* claim. 475 U. S. 1080 (1986). Because we conclude that the Alabama statute imposing a mandatory affirmance penalty has no application in federal diversity actions, we decline to reach the Fourteenth Amendment issues.

## II

The Alabama statute provides in relevant part:

"When a judgment or decree is entered or rendered for money, whether debt or damages, and the same has been stayed on appeal by the execution of bond, with surety, if the appellate court affirms the judgment of the court below, it must also enter judgment against all or any of the obligors on the bond for the amount of the affirmed judgment, 10 percent damages thereon and the costs of the appellate court . . . ." Ala. Code § 12–22–72 (1986).[1]

---

[1] Compare Ky. Rev. Stat. § 26A.300 (1985) (mandatory 10% penalty for second appeal); Miss. Code Ann. § 11–3–23 (Supp. 1986) (15% mandatory penalty regardless of stay); Va. Code § 16.1–113 (Supp. 1986) (10% mandatory penalty regardless of stay).

As set forth in the statute, then, a combination of three conditions will automatically trigger the 10% penalty: (1) the trial court must enter a money judgment or decree, (2) the judgment or decree must be stayed by the requisite bond,[2] and (3) the judgment or decree must be affirmed without substantial modification. *E. g., Chapman* v. *Rivers Construction Co.,* 284 Ala. 633, 644–645, 227 So. 2d 403, 414–415 (1969). The purposes of the mandatory affirmance penalty are to penalize frivolous appeals and appeals interposed for delay, *Montgomery Light & Water Power Co.* v. *Thombs,* 204 Ala. 678, 684, 87 So. 205, 211 (1920), and to provide "additional damages" as compensation to the appellees for having to suffer the ordeal of defending the judgments on appeal. *Birmingham* v. *Bowen,* 254 Ala. 41, 46–47, 47 So. 2d 174, 179–180 (1950).

Petitioner contends that the statute's underlying purposes and mandatory mode of operation conflict with the purposes and operation of Rule 38 of the Federal Rules of Appellate Procedure, and therefore that the statute should not be applied by federal courts sitting in diversity. Entitled "Damages for delay," Rule 38 provides: "If the court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." See also 28 U. S. C. § 1912. Under this Rule, "damages are awarded by the court in its discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant." Advisory Committee's Notes on Fed. Rule App. Proc. 38, 28 U. S. C. App., p. 492.

In *Hanna* v. *Plumer,* 380 U. S. 460 (1965), we set forth the appropriate test for resolving conflicts between state law and the Federal Rules. The initial step is to determine whether, when fairly construed, the scope of Federal Rule 38 is "suffi-

---

[2] Under Alabama law, an appellant may obtain a stay of judgment pending appeal by providing an acceptable surety bond of a set amount, which in this case would have been 125% of the trial court's judgment had the case been tried in state court. Ala. Rule App. Proc. 8(a)(1).

ciently broad" to cause a "direct collision" with the state law or, implicitly, to "control the issue" before the court, thereby leaving no room for the operation of that law. *Walker* v. *Armco Steel Corp.*, 446 U. S. 740, 749–750, and n. 9 (1980); *Hanna, supra,* at 471–472. The Rule must then be applied if it represents a valid exercise of Congress' rulemaking authority, which originates in the Constitution and has been bestowed on this Court by the Rules Enabling Act, 28 U. S. C. § 2072.[3] *Hanna,* 380 U. S., at 471–474.

The constitutional constraints on the exercise of this rulemaking authority define a test of reasonableness. Rules regulating matters indisputably procedural are *a priori* constitutional. Rules regulating matters "which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either," also satisfy this constitutional standard. *Id.,* at 472. The Rules Enabling Act, however, contains an additional requirement. The Federal Rule must not "abridge, enlarge or modify any substantive right . . . ." 28 U. S. C. § 2072. The cardinal purpose of Congress in authorizing the development of a uniform and consistent system of rules governing federal practice and procedure suggests that Rules which incidentally affect litigants' substantive rights do not violate this provision if reasonably necessary to maintain the integrity of that system of rules. See *Hanna, supra,* at 464–465; *Missis-*

---

[3] Article III of the Constitution, augmented by the Necessary and Proper Clause of Article I, § 8, cl. 18, empowers Congress to establish a system of federal district and appellate courts and, impliedly, to establish procedural Rules governing litigation in these courts. In the Rules Enabling Act, Congress authorized this Court to prescribe uniform Rules to govern the "practice and procedure" of the federal district courts and courts of appeals. 28 U. S. C. § 2072. Though *Hanna* v. *Plumer,* 380 U. S. 460 (1965), involved a conflict between state law and a Federal Rule of Civil Procedure, its analytical framework provides the test for the validity of Federal Rules of Appellate Procedure as well, since these Rules were also prescribed pursuant to the Rules Enabling Act. See Advisory Committee's Notes on Fed. Rule App. Proc. 1, 28 U. S. C. App., p. 466.

*sippi Publishing Corp.* v. *Murphree,* 326 U. S. 438, 445–446 (1946); 19 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4509, pp. 145–146 (1982). Moreover, the study and approval given each proposed Rule by the Advisory Committee, the Judicial Conference, and this Court, and the statutory requirement that the Rule be reported to Congress for a period of review before taking effect, see 28 U. S. C. § 2072, give the Rules presumptive validity under both the constitutional and statutory constraints. See *Hanna, supra,* at 471.

Applying the *Hanna* analysis to an analogous Mississippi statute which provides for a mandatory affirmance penalty, the United States Court of Appeals for the Fifth Circuit concluded in *Affholder, Inc.* v. *Southern Rock, Inc.,* 746 F. 2d 305 (1984), that the statute conflicted with Rule 38 and thus was not applicable in federal diversity actions.[4] The Fifth Circuit discussed two aspects of the conflict: (1) the discretionary mode of operation of the Federal Rule, compared to the mandatory operation of the Mississippi statute, and (2) the limited effect of the Rule in penalizing only frivolous appeals or appeals interposed for purposes of delay, compared to the effect of the Mississippi statute in penalizing every unsuccessful appeal regardless of merit. *Id.,* at 308–309.

---

[4] The Mississippi statute applies without regard to whether the judgment has been stayed pending appeal. Miss. Code Ann. § 11–3–23 (Supp. 1986). In *Walters* v. *Inexco Oil Co.,* 725 F. 2d 1014, 1016–1017 (1984), the Court of Appeals for the Fifth Circuit held the statute applicable in federal diversity actions. Later that year, in *Affholder, Inc.* v. *Southern Rock, Inc.,* the Fifth Circuit overruled *Walters, supra,* and expressly rejected a similar decision, *Proctor* v. *Gissendaner,* 587 F. 2d 182 (1979) *(per curiam),* in which it had applied the Alabama statute we are now considering. *Affholder,* 746 F. 2d, at 311. In *Gissendaner, supra,* the court had held without discussing *Hanna, supra,* that the Alabama statute dealt with a "non-federal substantive matter" and therefore applied in diversity actions. 587 F. 2d, at 184. This decision was among those adopted as binding precedent by the Eleventh Circuit following its creation in 1981, *Bonner* v. *Prichard,* 661 F. 2d 1206, 1209 (1981), and it provides the apparent rationale for imposition of the penalty in the present case.

We find the Fifth Circuit's analysis persuasive. Rule 38 affords a court of appeals plenary discretion to assess "just damages" in order to penalize an appellant who takes a frivolous appeal and to compensate the injured appellee for the delay and added expense of defending the district court's judgment. Thus, the Rule's discretionary mode of operation unmistakably conflicts with the mandatory provision of Alabama's affirmance penalty statute. Moreover, the purposes underlying the Rule are sufficiently coextensive with the asserted purposes of the Alabama statute to indicate that the Rule occupies the statute's field of operation so as to preclude its application in federal diversity actions.[5]

Respondents argue that, because Alabama has a similar Appellate Rule which may be applied in state court alongside the affirmance penalty statute, see Ala. Rule App. Proc. 38; *McAnnally* v. *Levco, Inc.*, 456 So. 2d 66, 67 (Ala. 1984), a federal court sitting in diversity could impose the mandatory penalty and likewise remain free to exercise its discretionary authority under Federal Rule 38. This argument, however, ignores the significant possibility that a court of appeals may, in any given case, find a limited justification for imposing penalties in an amount *less than* 10% of the lower court's

---

[5] Rule 37 of the Federal Rules of Appellate Procedure provides further indication that the Rules occupy the Alabama statute's field of operation so as to preclude its application in diversity actions. Since the affirmance penalty only applies if a trial court's judgment is stayed pending appeal, see Ala. Code § 12–22–72 (1986), it operates to compensate a victorious appellee for the lost use of the judgment proceeds during the period of appeal. Federal Rule 37, however, already serves this purpose by providing for an award of postjudgment interest following an unsuccessful appeal. See also 28 U. S. C. § 1961.

In addition, we note that federal provisions governing the availability of a stay of judgment pending appeal do not condition the procurement of a stay on exposure to payment of any additional damages in the event the appeal is unsuccessful and, unlike the state provision in this case, allow the federal courts to set the amount of security in their discretion. Compare Fed. Rules Civ. Proc. 62(d) and 62(g) and Fed. Rule App. Proc. 8(b) with Ala. Rule App. Proc. 8(b). See also 28 U. S. C. § 1651.

judgment. Federal Rule 38 adopts a case-by-case approach to identifying and deterring frivolous appeals; the Alabama statute precludes any exercise of discretion within its scope of operation. Whatever circumscriptive effect the mandatory affirmance penalty statute may have on the state court's exercise of discretion under Alabama's Rule 38, that Rule provides no authority for defining the scope of discretion allowed under Federal Rule 38.

Federal Rule 38 regulates matters which can reasonably be classified as procedural, thereby satisfying the constitutional standard for validity. Its displacement of the Alabama statute also satisfies the statutory constraints of the Rules Enabling Act. The choice made by the drafters of the Federal Rules in favor of a discretionary procedure affects only the process of enforcing litigants' rights and not the rights themselves.

### III

We therefore hold that the Alabama mandatory affirmance penalty statute has no application to judgments entered by federal courts sitting in diversity.

*Reversed.*