## AUTO-OWNERS INSURANCE COMPANY, Plaintiff-Appellee,

v.

## JOHNSON, RAST & HAYS INSURANCE OF SOUTH ALABAMA, INC., Defendant-Appellant.

### No. 86-7024.

United States Court of Appeals,
Eleventh Circuit.

June 29, 1987.

Sintz, Campbell, Duke, Taylor & Cunningham, Peter V. Sintz, Frank G. Taylor, Mobile, Ala., for defendant-appellant.

Ben H. Kilborn, Kilborn, Redditt & Griggs, Mobile, Ala., for plaintiff-appellee.

Before HILL and JOHNSON, Circuit Judges and ESCHBACH*, Senior Circuit Judge.

HILL, Circuit Judge:

In this diversity case, Johnson, Rast & Hays Insurance, Inc. (appellant) appeals from a jury verdict in favor of Auto-Owners Insurance Company (appellee). In March of 1983, Carolyn Sellers, an Agent of Johnson, Rast & Hays, processed two insurance policies (liability and workmen's compensation) covering Richard Kennedy, individually and doing business as Richard's Garage. In preparing the policy application, Sellers asked the garage several questions pertaining to the nature of its business. Sellers failed to ask the fifth question on the liability policy application: "Does applicant own or sponsor a car for racing?" Nevertheless, Sellers checked the answer to this question as being "No." The policy applications were forwarded by Johnson, Rast, & Hays to Auto-Owners Insurance which issued the policy on March 15, 1983.

Richard Kennedy did in fact own and operate a racing car at the time his application was processed by Johnson, Rast & Hays. On May 21, 1983, Ronnie Gene Cochran, an employee of Richard's Garage, was severely and permanently injured while driving the racing car in a competitive race at Mobile International Speedway. Cochran was subsequently awarded workmen's compensation benefits. As of the date of the jury's verdict in this case, Auto-Owners, as Kennedy's insurer, had paid $394,602.34 in medical and workmen's compensation benefits. This third-party action was brought by Auto-Owners against Johnson, Rast & Hays. The jury, answering special interrogatories, concluded that Johnson, Rast & Hays had acted both negligently and fraudulently in processing the application. The jury also found Auto-Owners to be contributorily negligent. The jury proceeded to assess damages of "$394,602.34 and future medical and compensation payments made by plaintiff pursuant to its policy of insurance." Johnson, Rast & Hays brings this appeal, alleging (1) the jury verdict is not supported by sufficient evidence, and (2) the verdict is unenforceable due to indefiniteness.

## I. SUFFICIENCY OF EVIDENCE

Appellant contends that no misrepresentation occurred because Richard Kennedy did not own or operate a racing car at the time the insurance application was submitted. Richard Kennedy testified that he was building the car at the time he applied for the insurance policy, but the car was not raced until the policy had gone into effect. At another point in his testimony, the following exchange occurred:

Q. In March of 1983, the first week in March. You hadn't raced it yet, had you?

A. I don't remember the—I don't remember exactly what date the car was raced.

Q. Isn't it true, sir, that when you had your conversations with [the agent of Johnson, Rast & Hays] that you were still in the process of building the car?

A. Well, we was working on the car but we had already taken the car to the track, I think, at that point and tried it. I don't know; I don't remember that back then.

Kennedy also testified that Colton Coile and Becky Ward, who he had dealt with on behalf of Johnson, Rast & Hays, saw the car when they came by his garage. When Coile asked Kennedy whether he raced the car, Kennedy responded that it was raced at the Mobile International Speedway. He thought this incident occurred when the policy was delivered to him.

■ A factual question existed as to whether Kennedy owned or sponsored a car for racing at the time the representation was made by Johnson, Rast & Hays. The jury decided this issue against appellant, and there is clearly no error in this regard.

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

■ At trial, Auto-Owners contended that appellant had made two misrepresentations. The first misrepresentation was that Kennedy did not own a racing car. As previously noted, the jury's conclusion on this issue was supported by the evidence. Consistent with this first misrepresentation, Johnson, Rast & Hays made a second misrepresentation by failing to disclose that a race car driver was employed by Kennedy. Although the workmen's compensation application specifically required a description of the duties performed by Kennedy's employees, appellant merely listed these job positions as "auto repair shop" and "clerical." Sufficient evidence existed to show that Ronnie Cochran's position with the garage should have been classified as a race car driver. No error occurred by failing to direct a verdict in appellant's favor on this issue.

Appellant also argues that Auto-Owners did not rely upon the representations made by Johnson, Rast & Hays. Appellant contends that the answer on the application which stated that Kennedy did not own a race car was never read by underwriters for Auto-Owners. Appellant's position is strengthened by the fact that Auto-Owners standard application form does not contain any questions concerning race cars. The application at issue was submitted on an accord form, an industry wide standard application form which contained slightly different question than that used by Auto-Owners' standard form.

■ In preparing the liability insurance application, Johnson, Rast & Hays misrepresented the applicant's ownership of a race car. As part of this same misrepresentation, Johnson, Rast & Hays, on the workmen's compensation insurance application, failed to disclose that the workers covered by the policy were other than clerical workers or automobile mechanics. Thus, Auto-Owners, as a direct result of appellant's conduct, was unaware that it had agreed to provide workmen's compensation coverage for a race car driver. Although Auto-Owners' underwriter may never have read the statement that the applicant did not own a race car, this misrepresentation and the misrepresentation as to the type of workers employed by the applicant are inexorably intertwined. Both applications for insurance were filled out by appellant at the same time. These applications were sent to Auto-Owners jointly for processing. Thus, it was contemplated that they be considered together. Had the liability policy contained a red flag such as a statement that the applicant owned a racing car, it is inconceivable that the workmen's compensation policy would not have been more closely scrutinized by Auto-Owners. Considering the totality of the application prepared by Johnson, Rast & Hays, Auto-Owners acted upon the misrepresentation that the applicant neither owned a race car nor employed a race car driver.

Appellant also claims that Auto-Owners did not justifiably rely upon the misrepresentation because Auto-Owners was under a duty to inspect the applicant's premises to determine whether the garage operated a race car. Specifically, appellant relies upon the following wording of Auto-Owners' written quotation: "All coverages, rates, and premiums are subject to Insurance Service Office rules and regulations and to company inspection of the property and premises." This sentence does nothing more than state Auto-Owners' right to inspect the premises. Auto-Owners, however, was not obligated to inspect the premises.[1]

---

1. Closely related to this argument, appellant asserts that justifiable reliance is vitiated by the jury's finding of contributory negligence. The jury was instructed that fraud could be based upon a reckless misrepresentation or a misrepresentation made "by mistake or innocently." *See* Ala.Code § 6–5–101 (1977). The special interrogatory returned by the jury merely states that the appellant had committed fraud, without specifying whether appellant's conduct was reckless or negligent. The jury also returned a finding that Auto-Owners' conduct constituted contributory negligence. Appellant argues that these verdicts are inherently inconsistent. Under Alabama law, contributory negligence is not a defense to reckless conduct. *Jones v. Alabama Mineral R. Co.,* 107 Ala. 400, 18 So. 30 (1895). Alabama law, however, is unclear as to whether contributory negligence is a defense to fraud which is based upon a negligent misrepresentation. We need not address this issue, however.

## II. ADEQUACY OF JUDGMENT RETURNED BY JURY

The verdict returned by the jury assessed damages of "$394,602.34, and future medical and compensation payments made by the plaintiff pursuant to its policy of insurance." Appellant argues that the verdict is so indefinite as to be unenforceable and void.

Although the complaint did not specifically request declaratory relief, this case was clearly tried as a declaratory judgment action. As such, the judgment properly awards monetary relief as well as a declaration of the rights and obligations of the parties. *See Glines v. Wade*, 586 F.2d 675, 682 (9th Cir.1978) ("[D]istrict court may give damages as an incident to declaratory judgment...."), *rev'd on other grounds sub nom. Brown v. Glines*, 444 U.S. 348, 100 S.Ct. 594, 62 L.Ed.2d 540 (1980); 28 U.S.C. § 2201 (1982).

By statute, Alabama imposes an automatic ten percent penalty on an unsuccessful money judgment appellant. Ala.Code § 12–22–72 (1986). The parties have briefed and argued the constitutionality of this statute. The Supreme Court, however, has recently held that this statute has no application to judgments entered by a federal court sitting in diversity. *Burlington Northern R.R. Co. v. Woods*, —— U.S. ——, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987).

For the reasons set forth herein, the judgment of the district court is

AFFIRMED.

The trial judge specifically instructed the jury that contributory negligence was not a defense to fraud. No objection was taken. Appellant has failed to preserve this issue on appeal.