Patricia L. HINDE, Plaintiff–Appellant–Cross–Appellee,

v.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant–Appellee–Cross–Appellant.

Nos. 95–35463, 95–35532.

United States Court of Appeals, Ninth Circuit.

April 25, 1997.

---

Peter R. Ellis, Ketchikan, Alaska; Cecil B. Strange, Portland, Oregon, for plaintiff-appellant-cross-appellee.

Liam J. Moran, Moran & Sarafin, Anchorage, Alaska, for defendant-appellee-cross-appellant.

Before: GOODWIN, BRUNETTI and KOZINSKI, Circuit Judges.

### ORDER

Provident Life and Accident Insurance Co., the prevailing party in a diversity action brought under Alaska law, applied ·to this court for attorney's fees on appeal pursuant to Alaska Rule of Appellate Procedure 508(e) (hereinafter "Alaska 508"). Plaintiff–Appellant resisted on the ground that Federal Rule of Appellate Procedure 38 (hereinafter "Rule 38") trumps state law in this case. The motion is denied.

The predicate litigation was disposed of by an unpublished memorandum. Provident Life was awarded attorney fees as the prevailing party in the district court action on an insurance policy after the court found that there was no coverage. We affirmed both the judgment and the fee award made pursuant to Alaska Rule of Civil Procedure 82(b).

The question posed when a fee claim is made in this court under Alaska 508, and is contested by invoking Rule 38, does not appear to have been answered by this court in a published opinion. We have examined the authorities called to our attention and now hold that Rule 38 preempts Alaska 508.

We begin with the general proposition that in diversity cases, *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires us to apply substantive state law to substantive questions. If we were writing on a perfectly clean slate we could rely on a body of case law holding that various fee-shifting statutes are part of a particular state's substantive law, and then embark upon a discussion of how substantive Alaska 508 really is. The slate is not that clean.

After the Supreme Court held in *Burlington Northern Railroad v. Woods,* 480 U.S. 1, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987), that Rule 38 is both constitutional and in conformity with the Rules Enabling Act, 28 U.S.C. § 2072, the Court went on to say: "The cardinal purpose of Congress in authorizing the development of a uniform and consistent system of rules governing federal practice and procedure suggests that Rules which incidentally affect litigants' substantive rights do not violate the 'abridge, enlarge or modify any substantive right' provision if reasonably necessary to maintain the integrity of that system of rules." 480 U.S. at 5, 107 S.Ct. at 970.

The suggestion thus laid out in *Burlington Northern* was implemented in a recent opinion by the Fifth Circuit in *Exxon Corp. v. Burglin,* 42 F.3d 948 (5th Cir.1995). That court, dealing with the identical Alaska 508 relied upon by the prevailing party in this case, held that the Alaska rule was procedural, and not substantive, and was preempted by Rule 38.

Because the somewhat diverse dispositions of Alaska diversity fee requests in this court have been by unpublished memoranda, and because certainty in these matters is desirable, we agree with the Fifth Circuit. Alaska 508 is broadly worded. As written, the rule can be read to authorize an Alaska appellate court to award fees in its discretion at various stages of litigation without regard to which party ultimately prevails on the principal controversy. Because Rule 38 allows fee recovery on appeal, in the absence of a federal statute allowing fees to the prevailing party, only when the appeal is frivolous, Alaska 508 is in collision with the narrowly pointed Rule 38, and thus must stand aside in a federal diversity case.

The motion for fees is denied.