Gilbert v. CPM Construction            CV-96-481-B    02/21/98

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**Gregory Gilbert, et al.**

    **v.**                                                    C-96-481-B

**CPM Constructors**

**O R D E R**

Defendant CPM Constructors has sought permission to file a third-party complaint for contribution against other alleged joint tortfeasors.  Plaintiff Gregory Gilbert opposes the motion. In order to resolve this dispute, I must determine whether defendant's right to bring its contribution claim as a part of this action is governed by state or federal law.

Section 507:7-f of the New Hampshire Revised Statutes Annotated purports to limit a party's right to bring a claim for contribution as part of the same action in which the underlying claim arises.  N.H. Rev. Stat. Ann. § 507:7-f (1997).  Although this general rule contains two exceptions, <u>see, e.g.,</u> N.H. Rev. Stat. Ann. §  507:7-g (I) and (IV) (1997), neither exception is applicable here.  Accordingly, if this case is controlled by New Hampshire law, defendant cannot bring his contribution claim as part of this action.  Fed. R. Civ. P. 14(a), on the other hand,

permits a defendant to add a claim against a third party so long as the third party "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  If defendant's right to bring its third-party complaint is controlled by Rule 14(a), defendant is entitled to bring its contribution claim as a part of this action.  The state and federal rules are thus in "direct collision," and a choice must be made between them.  Burlington N.R.R. Co. v. Woods, 480 U.S. 1, 4-5 (1987).

When there is a direct collision between state law and a federal rule of civil procedure, the federal rule "must be applied "if it represents a valid exercise of Congress' rulemaking authority, which originates in the Constitution and has been bestowed on . . . [the Supreme] Court by the Rules Enabling Act, 28 U.S.C. § 2072."  Id. at 5.  The Rules Enabling Act provides in pertinent part that a federal court must apply the Federal Rules of Civil Procedure so long as the rules do not "abridge, enlarge, or modify any substantive right."  28 U.S.C.A. § 2072(b) (West, 1994).  Rules that incidentally affect litigants' substantive rights do not violate this provision if reasonably necessary to maintain the integrity of the Federal Rules.  Burlington N.R.R. Co., 480 U.S. at 5.  Thus, in

2

circumstances such as these, state law must give way to a federal rule of civil procedure so long as the rule is constitutional and affects "only the process of enforcing litigants' rights and not the rights themselves." Id. at 8; see also Hanna v. Plumer, 380 U.S. 460, 473-74 (1965); Sibbach v. Wilson & Co., 312 U.S. 1, 13-14 (1941).

In my view, the right to engage in third-party practice under Rule 14(a) affects only the process of enforcing a litigant's rights rather than the rights themselves. N.H. Rev. Stat. Ann. § 507:7-f (I) recognizes a right of contribution "between or among 2 or more persons who are jointly and severally liable upon the same indivisible claim." It then goes on to limit the circumstances under which a contribution claim can be brought together with the underlying claim. To the extent that Rule 14(a) permits a contribution claim to be brought in federal court in the same action as the underlying claim when that same claim could not be brought in the action if it were in state court, the rule does not affect the substance of the contribution right in a way which is prohibited by the Rules Enabling Act. As neither side argues that Rule 14(a) is unconstitutional, I conclude that CPM Constructors should be permitted to file its third-party claim.

Defendant's motion to file third-party complaint (document no. 11) is granted.

SO ORDERED.

 

 

_____
Paul Barbadoro
Chief Judge

February 21, 1998

cc:   David H. Bownes, Esq.
      Paul Koziell, Esq.
      Dennis Hallisey, Esq.