

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2007

# Wu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4714

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wu v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1519.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1519

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-4714

JIAN MING WU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

Petition for Review of a Final Order of the
Board of Immigration Appeals
(No. A95-920-771)
Immigration Judge: Rosalind K. Malloy

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2007

Before: McKEE and ALDISERT, *Circuit Judges*, and
RESTANI,* *Judge, Court of International Trade*

(Opinion filed: March 7, 2007)

OPINION

McKEE, *Circuit Judge.*

　　Jian Ming Wu petitions for review of the Board of Immigration Appeals' final

_____

*The Honorable Jane A. Restani, Chief Judge of the International Court of Trade,
sitting by designation.

1

order of removal. For the reasons that follow, we will deny the petition.

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not reiterate the factual and procedural background except insofar as may be helpful to our brief discussion. The BIA affirmed the IJ's decision without opinion. Accordingly, we review the decision of the IJ as though it were the decision of the BIA. *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005).

We review the conclusion that Wu failed to establish eligibility for asylum or withholding of removal for substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). INA § 242(b)(4)(B) codifies this standard and provides that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Thus, if the applicant "seeks to obtain judicial reversal of the [denial of asylum], he must show that the evidence he presented was so compelling that no reasonable fact finder could fail to find" the requisite likelihood of persecution. *Elias-Zacarias*, 502 U.S. at 483-84. "Under this standard, a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (3d Cir. 2003) (citation and internal quotations omitted). The same standard applies to the denial of withholding of removal. To grant the petition for review, we must find that the record "not only supports that conclusion, but compels it." *Elias-Zacarias*, 502 U.S. at 480 n.1.

2

Section 208 of the Immigration and Nationality Act gives the Attorney General discretion to grant asylum to a removable alien. 8 U.S.C. § 1158(a). That discretion can only be exercised if the applicant qualifies as a "refugee." *Id*. The term "refugee" is defined by statute as:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside of any country in which such person last habitually resided, and who is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant must present some evidence that the alleged persecutors want to punish him/her "on account of" one of the five statutory grounds in order to establish eligibility for asylum. *Elias-Zacarias*, 502 U.S. at 478.

An applicant who establishes past persecution is "entitled to a presumption that his life or freedom will be threatened if he returns." *Gabuniya v. Attorney General of the United States*, 463 F.3d 316, 321 (3d Cir. 2006); *see* 8 C.F.R. § 208.16(b)(1)). Where an applicant is unable to demonstrate past persecution, the applicant nonetheless becomes eligible for asylum upon demonstrating a well-founded fear of future persecution. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003). The "well-founded fear of persecution" standard involves both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. *INS v. Cardoza-Fonseca*, 480 U.S.

421, 430-31 (1987). The subjective prong requires a showing that the fear is genuine. *Mitey v. INS*, 67 F.3d 1325, 1331 (7th Cir. 1995). Determination of an objectively reasonable possibility requires ascertaining whether a reasonable person in the alien's circumstances would fear persecution if returned to a given country. *Chang v. INS*, 119 F.3d 1055, 1065 (3d Cir. 1997).

Withholding of removal is mandatory once "the Attorney General determines that [the] alien's life or freedom would be threatened" on account of a protected ground. 8 U.S.C. § 1253(h)(1) (re-codified, as amended, at 8 U.S.C. § 1231(b)(3)). To obtain such relief, an alien must establish a "clear probability," i.e., that it is more likely than not, that he would suffer persecution. *See INS v. Stevic*, 467 U.S. 407, 429-30 (1984). Because this standard is higher than that governing eligibility for asylum, an alien who has failed to satisfy the standards for eligibility for asylum is necessarily ineligible for withholding of removal. *Zhang v. Slattery*, 55 F.3d 732, 738 (2d Cir. 1995).

## II.

In his petition for review, Wu contends that he was a credible witness, that he established past persecution and that he established a well-founded fear of persecution. We disagree.

Wu argues that the IJ had no real basis for disbelieving testimony about his parents. However, the record supports the IJ's negative credibility determination. When he was asked why he did not go to the university after high school, Wu testified that his

4

parents were farmers and not in good health. Therefore they were purportedly unable to send him to the university. Rather than explaining that he was unable to attend university because his parents were in hiding because they were practitioners of Falun Gong, Wu testified that his parents live as farmers who were not in good health. That explanation contradicted Wu's prior statements that his parents went into hiding because they were practitioners of Falun Gong.

However, even assuming the truth of Wu's testimony that his parents went into hiding because they were practitioners of Falun Gong, substantial evidence still supports the IJ's finding that Wu failed to establish his eligibility for asylum. First, Wu did not establish past persecution. He testified that he did not practice Falun Gong in China and had only begun to practice it in New York City in 2003. Second, Wu did not establish a well-founded fear of future persecution. Wu testified that in 2001 Chinese authorities learned that his parents practiced Falun Gong and that the officials were looking for him as well as his parents. However, during the time that Wu claimed the authorities were looking for him, he was in detention in China. When he was released from that detention, he traveled to his hometown where he remained unharmed without contact from the authorities for three months before leaving China in December 2002. Moreover, there was no testimony that Chinese authorities charged or detained Wu's parents. Finally, nothing in the record indicates that Wu would continue to practice Falun Gong if he returned to China. When he was asked if he intended to practice Falun

5

Gong after his return to China, Wu's only response was "he had no plans of returning to China."

Accordingly, we will deny the petition for review.