FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OCT 12 2012

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>LEMUEL THOMAS SMALL, AKA<br>Butch,<br><br>　　　　　Defendant - Appellant. | No. 11-30354<br><br>D.C. No. 1:10-cr-00091-RFC-1<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>CHRISTINA PILKINGTON SMALL,<br><br>　　　　　Defendant - Appellant. | No. 12-30014<br><br>D.C. No. 1:10-cr-00091-RFC-2 |

Appeal from the United States District Court
for the District of Montana
Billings Division

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Richard F. Cebull, District Judge, Presiding

Submitted October 10, 2012**
Seattle, Washington

Before: TASHIMA, M. SMITH, and CHRISTEN, Circuit Judges.

Defendants-Appellants Lemuel and Christina Small appeal their jury convictions of being felons in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," but this right does not extend to "felons and the mentally ill[.]" *District of Columbia v. Heller*, 554 U.S. 570, 592, 626 (2008); *see also United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir. 2010) ("[n]othing in *Heller* can be read legitimately to cast doubt on the constitutionality of § 922(g)(1)."). Accordingly, the district court properly determined that Mr. Small's prosecution did not infringe on his Second Amendment rights.

We also reject Mr. Small's contention that it violates the Equal Protection Clause to allow those convicted of certain white collar crimes identified in 18

---

** The panel has unanimously concluded this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 921(a)(20)(A) to possess firearms under § 922(g), but not a felon convicted of drug trafficking. Convicted felons do not have a fundamental right to possess firearms, *Vongxay*, 594 F.3d at 1119, so rational basis review applies. *Id.* Because Congress could rationally conclude that firearms are more likely to be involved in drug conspiracies than they are in monopolization attempts or other business-related crimes, Mr. Small's Equal Protection challenge fails.

Additionally, the district court did not abuse its discretion in denying Mr. Small the opportunity to present a surrebuttal argument. The district court properly followed the format for closing arguments specified by Federal Rule of Criminal Procedure 29.1. The Federal Rules of Criminal Procedure are promulgated by the Supreme Court and are presumptively constitutional. *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 6 (1987). Mr. Small's assertion that his inability to present a surrebuttal argument impermissibly shifted the burden of proof from the government to Mr. Small is contrary to authority and reason.

Finally, we reject Ms. Small's argument that the evidence against her was insufficient to support her conviction as a felon in possession of firearms and ammunition. It is undisputed that firearms and ammunition were in the Smalls' home. Tony Larvie, a special agent for the Bureau of Indian Affairs, testified at trial that Mr. Small told him that Mr. and Ms. Small were the only residents of the

3

home.[1]  Larvie testified that the firearms were in the bedroom closet, and ammunition was in plain view.  Mr. Small testified at trial that both Mr. Small and Ms. Small stored possessions in the bedroom closet.  Accordingly, there was sufficient evidence for a rational jury to convict Ms. Small of constructive possession of firearms and ammunition.

**AFFIRMED.**

---

[1] Ms. Small did not object to the admission of this testimony against her or seek a limiting instruction.