RENDELL, Circuit Judge,
dissenting:
Rule 1042.7 regulates procedure, as does Rule 12 of the Federal Rules of Civil Procedure. Nothing could be clearer than the principle that a federal procedural rule “is valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights.” Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 410, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) (plurality opinion). The majority ignores this principle, and its holding runs afoul of Supreme Court precedent and our own caselaw as well. I disagree with the majority’s decision to incorporate state court procedural rules into our federal practice and, as a result, I dissent.
To begin, I would recast the facts of this case, as I believe they have been mischaracterized. Uchal performed a laparoscopic adjustable gastric band procedure on Schmigel on May 10, 2010. Schmigel did not lose weight after the surgery. On March 27, 2012, another physician performed a CAT scan and discovered that the band was never placed around Schmigel’s stomach. Schmigel filed a negligence cause of action against Uchal in federal court two years later on March 19, 2014— only eight days before the statute of limitations was set to expire.[1] Jurisdiction was based on diversity of citizenship. Schmigel failed to attach a COM to his complaint or to file one within 60 days of filing. Uchal declined to waive service of summons, which he was entitled to do. See Fed.R.Civ.P. 4(d). Schmigel complains that Uchal “refused to waive service of summons, to enter an appearance, or to take any action whatsoever that might alert Plaintiff of a readily curable and honest mistake.” (App.66.) But Uchal had no obligation to notify Schmigel of his error. Schmigel did not cause the summons to be issued until May 6.[2] On May 27, Uchal filed a motion to dismiss based on the lack of COM. In other words, Uchal filed a timely motion to dismiss “within 21 days after being served with the summons and complaint.” Fed.R.Civ.P. 12(a)(l)(A)(i). Uchal complied with the Federal Rules of Civil Procedure; he had no obligation to file a motion to dismiss earlier than the 21-day deadline imposed by the federal rules. The District Court granted the motion, as Schmigel had not filed a timely COM and failed to show substantial compliance with the COM rule, or extraordinary circumstances excusing his failure. Because, by that time, the statute of limitations had run, Schmigel was out of court. This was not a snap judgment of non .pros without notice — as Rule 1042.7 was designed to prevent. But for Schmigel’s tardiness in filing and serving the complaint, he would have been notified of his failure by the motion to dismiss and had an opportunity to rectify his error, contest the applicability of the COM rule, or re-file his action. Schmigel is attempting to rectify circumstances of his own creation: he waited until eight days before the statute of limitations expired before filing his complaint, he waited 48 days to obtain a summons, he did not file a COM within 60 days *126 of filing his complaint, and he chose to file in federal court.
The majority strains to save Schmigel’s case by incorporating the “condition of thirty days’ notice prior to seeking dismissal of an action for failure to file the COM regime” as substantive law that must be applied in federal court. (Majority Op. 123-24.) Specifically, the majority incorporates the state court rule that “[t]he prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that ... the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter the judgment of non pros.” Pa. R.C.P. No. 1042.7(a)(4). Is this not, clearly, a procedural rule that is inappropriate to incorporate into federal practice?
My analysis confirms that the answer is “yes.” The first step in determining whether a state rule applies in federal court is assessing whether the state rule contravenes federal procedural rules: “First, a court must determine whether there is a direct collision between a federal rule and the state law or rule.... If there is a direct conflict, the federal court must apply the federal rule and reject the state rule.” Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262 (3d Cir.2011).
In this case, there is a direct conflict. The majority holds that Uchal had no “right” to “seek dismissal in the first place” because he “had not waited thirty days after giving notice of the deficiency to allow for cure before filing his motion to dismiss.” (Majority Op. 115.) But Uchal filed his motion to dismiss within 21 days after being served with the summons. How could he give 30 days’ notice before filing his motion when the Federal Rules of Civil Procedure mandate that he must file a motion to dismiss within 21 days? [3] Schmigel even acknowledges that “a motion to dismiss, rather than a praecipe for entry of judgment of non pros, is procedurally appropriate. This may, arguendo, indicate that there is a direct collision between ... Pa. R. Civ. P. 1042.7 and the Federal Rules of Civil Procedure.”[4] (Schmigel Reply 11.)
The Federal Rules do not require defendants to give written notice of their intention to file a motion to dismiss. Nor do they preclude courts from entering judgments without such notice. Rule 12 only requires defendants to file either an answer or a motion, not a notice of intent to file a future motion. Rule 12 controls because its scope is “ ‘sufficiently broad’ to ... implicitly, to ‘control the issue’ before the court.” Burlington N.R. Co. v. Woods, 480 U.S. 1, 4-5, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987) (quoting Walker v. Armco Steel Carp., 446 U.S. 740, 749, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)). Rule 12 need not explicitly state that defendants are not required to provide notice of intent to dismiss because it so states by implication. It does not require notice and our Court cannot add a notice requirement to a rule that plainly has none. Moreover, adding such a notice requirement will create var *127 ied dismissal procedures, which will negate “[o]ne of the shaping purposes of the Federal Rules,” which is “to bring about uniformity in the federal courts.” Hanna v. Plumer, 380 U.S. 460, 472, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) (quoting Lumbermen’s Mut. Cas. Co. v. Wright, 322 F.2d 759, 764 (5th Cir.1963)).
Importantly, the Supreme Court has specifically held that, when there is a rules conflict, even though a substantive state law applies in federal court, the procedural protections that accompany that particular state law do not apply. In Shady Grove, the Supreme Court held that a class action could be certified in federal court even though New York law prohibited the pursuit of such claims in a class action. Shady Grove rejected the respondent’s argument that class certification abridged the “substantive right ... not to be subject to aggregated class-action liability” conferred under New York law. 559 U.S. at 409, 130 S.Ct. 1431. Shady Grove held that Rule 23 of the Federal Rules of Civil Procedure, which governs class certification, trumped the state law barring such actions. The plurality explained: “A Federal Rule of Procedure is not valid in some jurisdictions and invalid in others — or valid in some cases and invalid in others — depending upon whether its effect is to frustrate a state substantive law (or a state procedural law enacted for substantive purposes).” Id. As in Shady Grove, here the COM substantive rule applies, but the procedural rule does not.
Even if there were no conflict and we were to proceed with an analysis under Erie, Rule 1042.7 would still not apply. Erie holds that a federal court sitting in diversity must apply state substantive law and federal procedural law: “Under Erie, a court assesses the substantive/procedural dichotomy with the objective that ‘the outcome of the litigation in the federal court [will] be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.’” Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 302 (3d Cir.2012) (quoting Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)). “This ‘outcome determinative test’ focuses on the ‘twin aims’ of discouraging forum shopping and avoiding ‘the inequitable administration of the laws.’ ” Id. (quoting Hanna, 380 U.S. at 468, 85 S.Ct. 1136). We must ask whether applying the state rule “would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against citizens of the forum State” or “would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court.” Hanna, 380 U.S. at 468 n. 9, 85 S.Ct. 1136. “Consideration of the ‘twin aims’ should produce a decision favoring application of state law only if one of the aims is furthered.” Nuveen, 692 F.3d at 302. Rule 1042.7 satisfies neither requirement.
We concluded in lAggon-Redding that the COM requirement was outcome determinative because it made a difference as to the character or result of the litigation. Rule 1042.3 “was created to ensure that professional negligence claims are meritorious, and the [COM] requirement prevents needless waste of judicial time and resources which would otherwise be spent on non-meritorious claims.” Liggon-Redding, 659 F.3d at 262-63. The COM requirement exists to ensure that malpractice suits are meritorious. That requirement is, of course, substantive and outcome-determinative and creates no conflict with federal procedural rules. Rule 1042.7 has nothing to do with the character of the litigation and is, accordingly, not outcome-determinative.
*128 Because not applying Rule 1042.7 would doom Schmigel’s suit, the majority reasons that Rule 1042.7 is “outcome-determinative.” However, as the Supreme Court said in Hanna, to some extent, “every procedural variation is ‘outcome-determinative,’ ” but state court procedural variations do not automatically apply in federal court simply because the plaintiff will be out of court. Hanna, 380 U.S. at 468, 85 S.Ct. 1136. Rather, as noted above, it is the effect on the character or result of the litigation that is the key. In Hanna, the Supreme Court held that federal, not state, procedural rules governed service of process in a diversity case, even though applying the state court rules would have determined the outcome. It noted that “having brought suit in a federal court, a plaintiff cannot then insist on the right to file subsequent pleadings in accord with the time limits applicable in state courts, even though enforcement of the federal timetable will ... result in determination of the controversy against him.” Id. at 468-69, 85 S.Ct. 1136. The majority states that “were this case in state court, Schmigel’s claim would not have been dismissed because his attorney filed the COM as soon as he was notified of the deficiency and well within the thirty-day window for cure.” (Majority Op. 119.) That is not what outcome determinative means. Moreover, Schmigel chose to file suit in federal court, thereby being subject to the Federal Rules of Civil Procedure. If he wanted the benefit of state court procedures, he should have filed his action in state court.
Schmigel argues that ruling in Appellees’ favor will result in inequitable administration of the law. But we have already rejected a virtually identical argument regarding procedural protections for plaintiffs who forget or are unaware of the affidavit of merit requirement in New Jersey, which is similar to Pennsylvania’s COM requirement. In Nuveen, the appellant “argue[d] that the two protections the New Jersey Supreme Court has established to dull the severe consequences of the failure to file a timely affidavit of merit ... are substantive requirements ... that must be applied in federal court.” Nuveen, 692 F.3d at 300. In Nuveen, we rejected this argument because “plaintiffs (and their attorneys) are required to know the law. They should not need to be reminded of the affidavit requirement.” Id. at 304 (footnote omitted). Furthermore, we held that “the lack of a reminder does not result in inequitable administration of the [Affidavit of Merit] Statute.” Id. at 304 (emphasis added). We also noted that “[i]f Nuveen’s counsel had been diligent, it would not have needed a reminder ... that it had an obligation to serve affidavits of merit.” Id. at 310. Nuveen dictates the result here. As noted above, Schmigel’s counsel was anything but diligent in many ways. Instead of requiring basic attorney diligence, the majority fashions new law contravening our precedent.
Schmigel also argues that refusing to apply Rule 1042.7 would encourage forum-shopping because plaintiffs would avoid federal court for fear of having their cases dismissed for inadvertent errors. This argument makes no sense. It is implausible that a plaintiff would be aware that federal courts have different dismissal procedures for failure to file a COM and still forget to file a timely COM. Rule 1042.7 fails the Erie test. Denying Schmigel’s appeal is not inequitable and would not result in forum-shopping.
State court procedural rules do not belong in federal court. I respectfully dissent.

. This presumes that Schmigel was entitled to application of the discovery rule, that his pri- or failure to lose weight did not notify him of Uchal’s negligence, and that his cause of action did not accrue until March 27, 2012.

. The District Court docket does not reflect when he actually served Uchal.

. The majority asserts that there is no timing conflict between the 21-day requirement under Rule 12 and the 30-day notice requirement under Rule 1042.7 because Uchal’s motion should have been considered a motion for summary judgment. But Uchal did file a motion to dismiss and he had to do so within 21 days. Is the majority saying that a motion to dismiss was not available as a procedural mechanism to Uchal? Does Rule 12 not apply in this case? I suggest that this apparent confusion cautions further against our incorporating the state rule into our federal rules.

. Schmigel made this statement because he was advocating for the adoption of Pennsylvania Rule of Civil Procedure 1042.6, not 1042.7.