FILED

**NOT FOR PUBLICATION**

JAN 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GARY FRANCIS LOWRY, husband and MARIAN CAROL, wife, | Nos. 13-15598 15-15964 |
| Plaintiffs-Appellants, | D.C. No. 3:11-cv-08177-JAT |
| v. | |
| EMC MORTGAGE CORPORATION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted January 24, 2018**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Gary Francis Lowry and Marian Carol appeal pro se from the district court's

dismissal of their action alleging state and federal claims arising from defendants'

failure to grant them a permanent loan modification. We have jurisdiction under

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013). We affirm.

The district court properly dismissed the claim for breach of contract because plaintiffs failed to identify a contract provision requiring defendants to grant them a permanent loan modification or to consider the income of their spiritual retreat center in evaluating their qualifications for such a modification. *See Contempo Contr. Co. v. Mountain States Tel. & Tel. Co.*, 736 P.2d 13, 15 (Ariz. Ct. App. 1987) (elements of a breach of contract claim under Arizona law).

The district court properly dismissed the claim alleging violations of Home Affordable Mortgage Program ("HAMP") requirements because plaintiffs failed to allege facts showing that defendants were obligated to them under HAMP. *Cf. Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 883 (9th Cir. 2013) (per curiam) (holding that a loan servicer was contractually obligated under the terms of a HAMP trial period plan ("TPP") to borrowers who had complied with the terms of the TPP).

The district court properly dismissed the claim alleging violations of consent decrees because plaintiffs failed to allege facts showing that they had standing to enforce those decrees. *See U.S. v. FMC Corp.*, 531 F.3d 813, 820 (9th Cir. 2008) (incidental beneficiaries of a consent decree lack standing to enforce it).

The district court properly dismissed the claim alleging violations of the Arizona Consumer Fraud Act because plaintiffs failed to allege facts showing that defendants made a false promise or misrepresentation that injured them. *See Dunlap v. Jimmy GMC of Tucson, Inc.*, 666 P.2d 83, 87 (Ariz. Ct. App. 1983) (elements of a claim under the Arizona Consumer Fraud Act).

The district court properly dismissed the claim premised on the sale or transfer of the note to a successor trustee because the terms of the deed of trust foreclose such a claim. *See Zadrozny*, 720 F.3d at 1168 (so holding based on similar terms in a deed of trust).

The district court properly dismissed the claim alleging violations of the Fair Debt Collection Practices Act ("FDCA") because plaintiffs failed to allege facts showing that defendants are debt collectors for purposes of the FDCA. *See De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1073-74, 1074 n.3 (9th Cir. 2011) ("liability under the [FDCA] requires that the defendant be a 'debt collector'"; "debt collector does not include those mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing" (citation and internal quotation marks omitted)).

The district court properly dismissed the claim for promissory estoppel because plaintiffs failed to allege facts showing that defendants made a promise on

3

which they relied to their detriment. *See Contempo Contr. Co.*, 736 P.2d at 16 (elements of a promissory estoppel claim under Arizona law).

The district court did not abuse its discretion in conditioning its grant of a stay pending appeal on a bond in the amount of $2,000 per month. *See Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 7 n.5 (1987) (federal courts may set the amount of security in their discretion).

The district court properly denied as moot plaintiffs' motion for a preliminary injunction.

Defendants-Appellees' request for judicial notice (Dkt. No. 19) is denied.

**AFFIRMED.**