[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15157
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-01418-PGB-GJK


JAMES F. LAPINSKI,

Plaintiff–Appellant,

versus

ST. CROIX CONDOMINIUM ASSOCIATION, INC.,
ESTATE OF DOUGLAS COOK,
FIFTH DISTRICT COURT OF APPEALS OF FLORIDA,
FLORIDA SEVENTH CIRCUIT COURT,
STATE OF FLORIDA, et al.,

Defendants–Appellees,

STEPHEN J. GUARDINO, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 10, 2019)

Before WILSON, WILLIAM PRYOR and HULL, Circuit Judges.

PER CURIAM:

James Lapinski appeals *pro se* the award of attorney's fees to St. Croix Condominium Association, Inc., for its defense of an earlier appeal by Lapinski. *See* Fed. R. App. P. 38. Lapinski abandons any challenge he could have made to the award imposed for filing an appeal "utterly devoid of merit" contesting the dismissal of his amended complaint against the Association, public officials and entities, and others for unlawful conduct related to the construction of and foreclosure on his condominium. *Lapinski v. St. Croix Condo. Ass'n, Inc.*, 739 F. App'x 519 (11th Cir. 2018). Instead, Lapinski accuses officers in Daytona Beach Shores and in the Volusia County Jail of unlawful conduct that allegedly occurred after he filed this appeal and he demands a jury trial and a "third appeal" on the dismissed complaint. We affirm the award of attorney's fees to the Association, sanction Lapinski for this frivolous appeal, and remand for the district court to determine a reasonable attorney's fee for the defense of this appeal.

2

Lapinski abandoned any challenge that he could have made to the award of attorney's fees to the Association. He asserts that the district court should have reduced "the inflated, duplicate, non-responsive fees." Lapinski's "passing reference to [the award] . . . is not enough [to preserve any error in the award], and [his] failure to make arguments and cite authorities in support of [the] issue waives" any challenge he could make to the award. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012).

Lapinski's remaining arguments are not properly before us. We lack jurisdiction to consider Lapinski's claims against the officers. Lapinski filed an amended notice of appeal that states he has a "New case: Police Brutality," but he identifies no appealable judgment or order in that new case that we can review. *See Whetsone Candy Co., Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1079-80 (11th Cir. 2003). And even if we treat Lapinski's arguments for a jury trial and for another appeal as a request for a writ of mandamus, he has no right to relief. *See United States v. Coy*, 19 F.3d 629, 635 (11th Cir. 1994) (stating that a writ of mandamus issues only if a party who has no other remedy available and has a clear and indisputable right to relief). Lapinski is not entitled to a jury trial on a complaint dismissed for lack of subject matter jurisdiction and for failure to state a claim, nor is he entitled to a "third appeal" on a judgment we earlier affirmed.

3

The Association requests that we sanction Lapinski for pursuing another frivolous appeal. *See* Fed. R. App. P. 38. Rule 38 states, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." *Id.* The Association argues that Lapinski's challenge to the award of attorney's fees is "nonsensical" and that his other claims lack merit. Lapinski has not responded to the motion. Rule 38 exists "to assess just damages in order to penalize an appellant who takes a frivolous appeal and to compensate the injured appellee for the delay and added expense of defending the district court's judgment." *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 7 (1987). Lapinski's serial litigation warrants an award to the Association of double costs and reasonable attorney's fees in defending this appeal. We remand this action for the district court to determine the amount of attorney's fees reasonably incurred by the Association and to assess that amount against Lapinski.

We **AFFIRM** the award of attorney's fees to the Association in an earlier appeal, we **AWARD SANCTIONS** to the Association under Rule 38 for this appeal, and we **REMAND** for the district court to determine reasonable attorney's fees for the defense of this appeal.

4